**In re LANDMARK CAPITAL COMPANY, Debtor.**

**LANDMARK CAPITAL COMPANY, Appellant,**

v.

**NORTH CENTRAL DEVELOPMENT COMPANY, Appellee.**

No. 82 Civ. 2409 (DNE).

United States District Court,
S. D. New York.

April 30, 1982.

---

Skadden, Arps, Slate, Meagher & Flom, New York City; Michael L. Cook, John C. Fricano, Zachary B. Kass, Kayalyn A. Marafioti, John H. Reid, New York City, of counsel, for appellant.

Moses & Singer, New York City; Robert J. Rosenberg, Richard Stern, New York City, of counsel, and Seward & Kissel, New York City, for appellee.

## OPINION AND ORDER

EDELSTEIN, District Judge:

Landmark Capital Company ("Landmark"), debtor-in-possession in a Chapter 11 proceeding, seeks leave to appeal to the district court from an interlocutory order of the bankruptcy court, Roy Babitt, bankruptcy judge, 19 B.R. 342, transferring the proceeding from the Southern District of New York to the District of Arizona. Landmark also seeks a stay of the transfer order pursuant to Fed.R.Bankr. 805, and an expedited appeal under Fed.R.Bankr. 814. North Central Development Company ("North Central") opposes Landmark's applications on the grounds that: 1) an order transferring venue is not appealable; 2) even if such an order is appealable, this court should not grant Landmark leave to appeal the instant order, and 3) with respect to the stay, Landmark's application does not comply with Fed.R.Bankr. 805 and Judge Babitt's refusal to grant a stay in the bankruptcy court was not an abuse of discretion. North Central joins in the application for an expedited appeal if leave for appeal is granted.

## BACKGROUND

Landmark, a New York general partnership, filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101–1174, on January 8, 1982 in the United States Bankruptcy Court for the Southern District of New York. Landmark has continued to operate as debtor-in-possession since the filing of the petition.

Landmark owns a fifteen acre office and hotel complex (the "Rosenzweig Center") in Phoenix, Arizona, which it purchased in October, 1980 from North Central for $54.3 million. North Central is an Arizona partnership whose partners are Del E. Webb Corporation, Harry Rosenzweig and Newton Rosenzweig. In September, 1981, Landmark commenced a fraud action in the United States District Court for the District of Arizona against North Central seeking recision of the sale or damages. Landmark thereafter failed to make payment on promissory notes held by North Central. North Central subsequently stated its intention to foreclose a deed of trust it held in the Rosenzweig Center by non-judicial foreclosure sale. Landmark applied to the District Court for the District of Arizona for injunctive relief against North Central's proposed sale of the Rosenzweig Center. On January 7, 1982, Judge Hardy of the District of Arizona denied the application for injunction, and on the following day, January 8, Landmark filed a petition under Chapter 11 in the Bankruptcy Court for the Southern District of New York. The filing of the Chapter 11 petition effectively stayed the foreclosure proceeding. See 11 U.S.C. § 362.

On January 18, 1982 North Central moved before Judge Babitt for an order transferring the Chapter 11 proceeding to the Bankruptcy Court for the District of Arizona. In an opinion dated April 7, 1982 ("Slip op."), Judge Babitt found that venue of Landmark's reorganization petition in the Southern District of New York was proper pursuant to 28 U.S.C. § 1472, but granted North Central's motion to transfer pursuant to 28 U.S.C. § 1475. On April 9, Judge Babitt entered an order transferring the case to the District of Arizona.

Later on April 9, Judge Babitt issued an order to show cause temporarily staying the transfer and setting a hearing on the stay. On April 14, Landmark filed a notice of appeal with the bankruptcy court. On April 16, Judge Babitt held a hearing on the April 9 order to show cause. Following the hearing Judge Babitt, ruling from the bench, denied the application for a stay.

Landmark proceeded to this court on the same date seeking a stay pending appeal. This court directed counsel for Landmark to serve papers in support of their applications on April 21, and set down a hearing for April 22. The court also issued an order on April 16 deeming the notice of appeal filed by Landmark with the Bankruptcy Court on April 14 to be a timely application for leave to appeal the Bankruptcy Court order. A hearing on Landmark's applications was held on April 22, 1982.

## DISCUSSION

### A. Appealability

North Central's threshold argument is that an order transferring venue is not appealable in the Second Circuit. In *A. Olinick & Sons v. Dempster Brothers, Inc.*, 365 F.2d 439, 443 (2d Cir. 1966), the Second Circuit held that 28 U.S.C. § 1292(b), which permits an interlocutory appeal to the Court of Appeals upon certification by the district court, is not available as a means to review the grant or denial of motions under 28 U.S.C. § 1404(a) to transfer venue if the argument on appeal is that the district court improperly exercised its discretion. In *D'Ippolito v. American Oil Co.*, 401 F.2d 764, 764–65 (2d Cir. 1968), the Second Circuit, in a *per curiam* opinion, held that an interlocutory order transferring venue under § 1404(a) would not be treated as "final" pursuant to 28 U.S.C. § 1291, thus permitting appeal under the doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). Venue orders under § 1404(a), rather, "can be reviewed only by mandamus and then, where the order is within the court's power, on a most restricted basis . . . ." 401 F.2d at 765. *See also Aacon Auto Transport, Inc. v. Ninfo*, 490 F.2d 83, 84 (2d Cir. 1974); *Grossman v. Perlman*, 353 F.2d 284 (2d Cir. 1965).

This doctrine of the Second Circuit does not preclude an appeal to the district court of a bankruptcy court's venue order. Title 28, U.S.C. § 1334(b), permitting interlocutory appeals of bankruptcy orders to the district court, is different from 28 U.S.C.

§ 1292(b), which governs interlocutory appeals from the district court to the Court of Appeals. Section 1334(b) provides in relevant part:

> The district courts . . . shall have jurisdiction of appeals from interlocutory orders and decrees of bankruptcy courts, but only by leave of the district court to which the appeal is taken.

This section contains specific authorization of interlocutory appeals upon leave of the district court. Section 1292(b), in contrast, provides that a district court may certify an interlocutory appeal to the Court of Appeals if the district court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." This section is narrower than Section 1334(b) and requires permission from the court whose order is being appealed.

■ Although the purposes served by a § 1292(b) interlocutory appeal are the same as those of a § 1334(b) appeal, *see Turner v. New York Hospital*, 14 B.R. 307, 308 (Bkrtcy.S.D.N.Y.1981), a bankruptcy action and civil action are different in nature. Venue in a Chapter 11 case may be more important than in a civil case because of the continuing involvement of the court in the operation of the debtor's business. Thus, the purposes served by the interlocutory appeal procedure may be furthered by interlocutory review of a bankruptcy venue order even though such review would not be indicated for a district court order. As stated in *Collier*:

> It is hoped that the discretion of the district court . . . will be more readily obtained where an order regarding venue of the title 11 case is concerned than in an appeal from a venue order in an ordinary civil proceeding. Unlike a civil proceeding where the order regarding venue can be appealed at the conclusion of the proceeding, there is a very small chance of success in an appeal which is taken after the title 11 case has been adminis-

tered and closed, which may be the only time the order regarding venue becomes a final order. The ... district court should recognize this, and be more inclined to grant the interlocutory appeal when a motion regarding venue of the case is involved.

1 Collier, *Bankruptcy*, ¶ 3.02[6][g], at 3–208.1 (15th ed. 1979). Judge Gagliardi, citing this section of *Collier*, granted leave to appeal a bankruptcy court's order transferring venue. *In re Hadar Leasing International Co., Inc.*, 14 B.R. 819 (Bkrtcy.S.D.N.Y.1981). Landmark argues that Judge Gagliardi in *Hadar* was not confronted with the line of cases in the Second Circuit denying interlocutory appeals of venue orders. Judge Gagliardi, however, apparently considered the Second Circuit venue rule:

> A bankruptcy order transferring venue, though, is an interlocutory order, similar to an order transferring venue under § 1404(a). This does not, however, preclude judicial review of the order, since an interlocutory order may be appealed with leave of the court to which the appeal is taken under 28 U.S.C. § 1334(b).

*Id.* at 820. Judge Gagliardi thus recognized that because the appeal was pursuant to 28 U.S.C. § 1334(b), interlocutory review of the venue order was not precluded. This view is in accord with decisions in other districts. *See, e.g., In re Trim Meat Products, Inc.*, 11 B.R. 1010 (Bkrtcy.D.Del.1981); *In re FtM Limited Partnership*, No. 80 C 600, slip op., (N.D.Ill. June 19, 1980). The court finds that there is good reason to permit review of the venue order in this case and grants Landmark leave to appeal.

**B. Merits of the Appeal**

During the hearing on this matter counsel for Landmark stated that Landmark would rely on its brief for the merits of the appeal if the court were to grant leave. The court, finding that Judge Babitt did not abuse his discretion in ordering the transfer, affirms the bankruptcy court's order.

Under Fed.R.Bankr. 810 the district court shall accept the bankruptcy court's findings of fact unless they are clearly erroneous. Judge Babitt, in support of his determination that venue was proper in the Southern District of New York under 28 U.S.C. § 1472,[1] made specific findings of fact that Landmark's principal place of business and domicile are in New York. These findings are not clearly erroneous, and venue is thus proper in the Southern District of New York.

That venue is proper in the Southern District does not preclude the transfer of venue to another district. Title 28, U.S.C. § 1475 governs change of venue in Chapter 11 cases:

> A bankruptcy court may transfer a case under title 11 or a proceeding arising under or related to such a case to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties.[2]

Both parties agree that *In re Commonwealth Oil Refining Co.*, 596 F.2d 1239, 1247 (5th Cir. 1979), provides the standards to be applied in evaluating the "convenience" under § 1475. They are 1) proximity of creditors of every kind to the court; 2) proximity of the debtor to the court; 3) proximity to the court of witnesses necessary to the

1. Section 1472 provides in relevant part that: a case under title 11 may be commenced in the bankruptcy court for a district ... in which the domicile, residence, principal place of business, in the United States, or principal assets, in the United States, of the person or entity that is the subject of such case have been located for the 180 days immediately preceding such commencement ....

2. This standard is also stated in Fed.R.Bankr. 116(b)(1), which provides:

Although a petition is filed in accordance with subdivision (a) of this rule [specifying proper venue], the court may, after hearing on notice to the petitioner or petitioners and such other persons as it may direct, in the interest of justice and for the convenience of the parties, transfer the case to any other district. The transfer may be ordered at or before the first meeting of creditors either on the court's own initiative or on motion of a party in interest but thereafter only on a timely motion.

administration of the estate; 4) location of the assets; and 5) economic and efficient administration of the estate.

▪ Judge Babitt examined these factors and concluded that the transfer was proper. The first factor is the proximity of creditors. Judge Babitt found that "Landmark's schedules enumerate four creditors, three of which are in Arizona." At 348. Landmark argues that if Judge Babitt's reference to the word "in" was not meant to indicate "present in some manner", but "a more substantial contact, such as the existence of a corporate headquarters" then Judge Babitt's finding was clearly erroneous. This court declines Landmark's invitation to redefine the word "in" and holds that this finding of Judge Babitt is not clearly erroneous. Further, Judge Babitt noted that the negotiations for all debts other than the debt owed Chase Manhattan Bank, N.A.[3] took place in Arizona, that debt service was made from Phoenix, and that the security for all of Landmark's secured creditors is the Rosenzweig Center in Phoenix. Landmark does not argue that any of these three findings is erroneous, and each finding supports transfer to Arizona.

The second factor is the proximity of the bankrupt to the court. Landmark argues that the "bankruptcy court inexplicably made absolutely no mention of this factor at all in its opinion." Brief for Appellant at 32. However, the entire first section of Judge Babitt's opinion dealing with the propriety of venue in the Southern District of New York examined the place of business and domicile of Landmark. *See* at 344–347. Clearly this factor favored venue in New York, and equally clearly Judge Babitt recognized and considered this in evaluating the factors relevant to transfer. The bankruptcy court did not abuse its discretion in not repeating a detailed and thorough analysis of the location of the debtor's business.

The third factor is the location of witnesses. Landmark argues that Judge Ba-

bitt's "opinion regarding this point is simply incorrect." Brief for Appellant at 32. Rather, Landmark's argument is simply incorrect. The major portion of Landmark's business consists of the operation of the Rosenzweig Center in Phoenix. The Bankruptcy Court findings that the majority of those who would be involved in the Chapter 11 proceeding would be those Arizona employees responsible for the operation of the Center, and that Landmark's "operating" books were located in Arizona are not clearly erroneous.[4]

The fourth factor is the location of the assets. Landmark notes that it has assets in both New York *"and"* Arizona. However, it is undisputed that the principal asset is the Rosenzweig Center in Arizona. Judge Gagliardi, in *In re Hadar Leasing International Co., supra,* 14 B.R. at 821, stated that "the factor which overwhelmingly militates in favor of transfer was [the bankruptcy court's finding] . . . that substantially all of [the debtor's] . . . assets are in Ohio." In the present case this factor also militates in favor of transfer.

The last and most important factor is the economic and efficient administration of the Chapter 11 proceeding. *See In re Commonwealth Oil Refining Co., supra,* 596 F.2d at 1247. This factor is not independent of the previous factors, since proximity of the parties and the location of the assets will affect the economy and efficiency of administration. Judge Babitt's finding that the estate of this real estate partnership is most efficiently administered where its principal asset is located is not clearly erroneous. *Accord, In re Greenridge,* 13 B.R. 510, 513 (Bkrtcy.Hawaii 1981).

The second consideration for change of venue under 28 U.S.C. § 1475 is the interest of justice. Judge Babitt properly took into account the local interest in the Rosenzweig Center. *See In re Commonwealth Oil Refining Co., supra,* 596 F.2d at 1248. Judge Babitt also noted the pendency of the fraud

---

**3.** Chase objected to North Central's motion to transfer by papers filed January 25, 1982.

**4.** Landmark notes that Judge Babitt earlier found that Landmark's books and records were

located in New York. Judge Babitt's reference to "operating" books was meant to indicate the books used in the administration of Landmark's principal asset, the Rosenzweig Center.

action in the District Court for the District of Arizona. Although this fact may relate more to "convenience" than the "interest of justice", it was certainly a proper consideration in evaluating a venue motion. *See id.* at 1246.

Finally, Landmark argues that the following statement by the bankruptcy court was both incorrect and an improper consideration:

When Landmark filed this Chapter 11 petition, the reach of the automatic stay section, 11 U.S.C. § 362, gave it even more than District Judge Hardy [hearing the motion for an injunction against the foreclosure sale of the Rosenzweig Center by North Central] had refused to give. The secured creditors were legitimately frustrated for not only was their cup full of the debtor's defaults, but it ran over when their foreclosure efforts were suddenly stayed by a Chapter 11 which even Landmark casts as merely ancillary to the Arizona lawsuit.

At 348. Landmark argues that only one secured creditor, North Central, was not being paid, that North Central had available a means to challenge the automatic stay and that the Chapter 11 proceeding is not ancillary to the fraud action. Assuming Landmark's arguments are correct, Judge Babitt still properly took into account that North Central has to relitigate the issue of foreclosure of the Rosenzweig Center. As Landmark states, equitable principles are to be applied in the evaluation of bankruptcy jurisdiction. *See Bank of Marin v. England*, 385 U.S. 99, 102, 87 S.Ct. 274, 276, 17 L.Ed.2d 197 (1966). The fact that the stay issue was already litigated in favor of North Central is a relevant equitable consideration.

In view of the foregoing, the order of the bankruptcy court is affirmed. The court therefore need not address the issue of a stay of the transfer order.

It is SO ORDERED.