**CLARK–DIETZ AND ASSOCIATES–EN-GINEERS, INC., Petitioner,**

v.

**BASIC CONSTRUCTION COMPANY, the Mayor and City Council of the City of Columbus, Mississippi and Columbus Utility Commission, Respondents.**

No. 82–9312.

United States Court of Appeals, Fifth Circuit.

March 21, 1983.

Threadgill, Smith, Sanders & Jolly, Columbus, Miss., for petitioner.

Robins, Zelle, Larson & Kaplan, Atlanta, Ga., Gholson, Hicks & Nichols, Columbus, Miss., Mitchell, McNutt, Bush, Lagrone & Sams, Tupelo, Miss., Buckley, Treacy, Schaffel, Mackey & Abbate, New York City, for respondents.

On Application for Leave to Appeal from an Interlocutory Order.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge.

Finding the defendant in a diversity tort case liable, the district court certified an interlocutory appeal under 28 U.S.C. § 1292(b) (1976) before determining damages. We deny leave to appeal because the district court did not specify the controlling issue of law to be considered and the appellants have not pointed out any issue or issues appropriate for interlocutory consideration.

The Mayor and City Council of Columbus, Mississippi, and the Columbus Utility Commission (the City), sued Clark-Dietz and Associates-Engineers and Basic Construction Company for damages resulting from the failure of a protective levee surrounding the construction site of the Columbus Waste Water Treatment Plant, located between the Luxapalila River and McCrary Creek. In the first phase of a bifurcated trial, the district court held an 18-day evidentiary hearing concerning liability. The district court issued a detailed and comprehensive 36-page memorandum setting forth its findings of fact and conclusions of law, holding Clark-Dietz liable on several issues.

■■■ An interlocutory appeal assuredly does not lie simply to determine the correctness of a judgment of liability. *Cf.* 28 U.S.C. § 1292(a)(3) (1976). An interlocutory appeal may be heard on the basis of a certification by the district court that includes no more than the language specified in § 1292(b),[1] but the case must present a controlling question of law as to which there is substantial ground for difference of opinion. In deciding whether such a question is presented we "must necessarily rely upon the would-be appellant to supply in his

petition, or in a supporting memorandum attached thereto, a certified copy of the challenged order, a concise but adequate presentation of facts showing the proceedings below prior to the challenged order and the proceedings remaining in the district court, and a statement of the precise nature of the controlling question of law involved, together with a brief argument showing the grounds for the asserted difference of opinion and the way in which the allowance of the petition would 'materially advance the ultimate termination of the litigation.' " *In re Heddendorf,* 263 F.2d 887, 889 (1st Cir. 1959).

■ In the order finding liability, the district court, 550 F.Supp. 610, issued a certification pursuant to § 1292(b), but did not specify any question of law that was appropriate for interlocutory review. The liability phase of the trial involved numerous factual disputes and legal claims by the plaintiffs against one or both defendants, by each defendant against plaintiffs, and by one defendant against the other defendant.

The appellant's brief seeking leave to appeal lists five issues it considers controlling questions of law. Basic objects to interlocutory review on grounds that (1) this appeal may substantially prejudice Basic's interest by affecting the time from which interest may run if prejudgment interest is not allowed and (2) the issues raised by Clark-Dietz are either irrelevant or involve factual matters. Basic's objections appear to be well-founded.

Clark-Dietz says the case is appealable because the judgment affects the "future conduct of contractors and architect/engineers." However, Clark-Dietz has not defined a controlling question having such

---

1. When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon,

in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (1976).

significance. The issues framed for appeal do not appear to involve (1) the legal relationship between an architect or engineer and a contractor, or (2) the scope of a design professional's responsibility for construction supervision, or (3) the distinction between an engineering design and construction methods. The district judge found Clark-Dietz liable because its designs were defective, see 550 F.Supp. at 615, 617, 618, 620, 622, 623, not because of any unusual legal relationship to any other party or because of its responsibility over construction supervision or because of any subtle distinction between construction methods and designs.

Clark-Dietz submits that the second question is whether the finder of fact can render a decision contrary to uncontradicted expert testimony. This is hardly an unusual question or one on which there appears to be substantial dispute. Moreover, Clark-Dietz misconstrues the facts of this case. The expert testimony was not uncontradicted. See Id. at 617–618. The court chose to believe the expert testimony of one group of experts rather than the others.

Clark-Dietz asserts that the third question is whether, as a matter of law, it may rely on information provided by a specialty contractor. But there is no legal question about reliance because the court found that Clark-Dietz had not in fact relied on the information as it asserts.

The fourth question, Clark-Dietz contends, is whether a designer may be held liable for a contractor's failure to attain a clearly described design-result. This statement again ignores the fact findings of the district court in order to present a legal question about result-oriented designs. The district court did not seem to address the question posed, but instead found as a fact that Clark-Dietz's design was defective. See Id. at 615, 617, 618, 619, 620.

The fifth-stated question raises only the sufficiency of the evidence. Clark-Dietz submits that the district court's decision is "contrary to the overwhelming weight of credible evidence." Such a question is proffered in what would seem to be virtually every appeal. It is scarcely a "controlling question of law," for there is no question about the appellate standard of review. See Fed.R.Civ.P. 52(a) ("clearly erroneous").

As they are posed, none of the questions is particularly difficult and most appear to be merely fact-review questions inappropriate for § 1292(b) review. Even those questions that are legal may be foreclosed by the fact findings of the district court. Moreover, while an immediate appeal may save the district court time because reversal might preclude a hearing on damages and affirmance might induce settlement, an immediate appeal may delay judgment and thus penalize the appellees if prejudgment interest is ultimately not allowed, thereby causing a hardship to at least one of the parties. In addition, we are unable to perceive that ultimate determination will be advanced because decision of the appeal, even in the present favorable state of our docket, will require four to six months. See Note, Interlocutory Appeals in the Federal Courts Under 28 U.S.C. § 1292(b), 88 Harv. L.Rev. 607, 627 (1975).

The basic rule of appellate jurisdiction restricts review to final judgments, avoiding the delay and extra effort of piecemeal appeals. Section 1292(b) appeals are exceptional. They are permitted only when there is a substantial difference of opinion about a controlling question of law and the resolution of that question will materially advance, not retard, ultimate termination of the litigation. Those requirements have not been demonstrated. See generally Note, supra, at 618–28.

For these reasons, leave to appeal is DENIED.