**TENNECO RESINS, INC. and Tenneco Eastern Realty, Inc.**

v.

**REEVES BROTHERS, INC.**

**Civ. No. HM77–1941.**

United States District Court,
D. Maryland.

April 19, 1984.

N. Dale Sayre, Thomas E. Spath, Caspar C. Schneider, Jr., and Davis, Hoxie, Faithfull & Hapgood, New York City, Cleaveland D. Miller, James W. Bartlett, III, W. Brown Morton, Jr., Warsaw, Va., Semmes, Bowen & Semmes, Baltimore, Md., for plaintiff.

S. Leslie Misrock, Stanton T. Lawrence, III, Pennie & Edmonds, New York City, Paul V. Niemeyer, Piper & Marbury, Baltimore, Md., Joseph W. Grier, Jr., Fred T. Lowrance, Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston, Charlotte, N.C., for defendant.

MEMORANDUM AND ORDER

HERBERT F. MURRAY, District Judge.

By memorandum and order dated February 22, 1984, this court denied, *inter alia*, plaintiffs Tenneco Resins, Inc. and Tenneco Eastern Realty, Inc.'s ("Tenneco") motion to amend its reply to defendant Reeves Brothers' ("Reeves") second and third counterclaims. By motion filed on March 8, 1984, Tenneco seeks certification of that ruling pursuant to 28 U.S.C. § 1292(b) and a stay pending appeal. Reeves opposes the motion. Both parties have submitted memoranda in support of their positions. *See* papers nos. 182, 183, 185.

After considering the lengthy memoranda submitted by counsel and the oral arguments presented at the December 16, 1983 hearing held in this matter, the court denied Tenneco's motions to amend its replies to Reeves' second amended counterclaim for patent infringement under 35 U.S.C. § 271 and third amended counterclaim for patent interference under 35 U.S.C. § 291. The rationale for that ruling is contained in a memorandum opinion issued on February 22, 1984. Mem.Op. at pp. 14–18. *See* paper no. 181. In essence, the court held that Tenneco's attempted amendments came too late, that they would prejudice Reeves, and that the interests of justice required that the amendments not be permitted. *See* F.R.Civ.P. 15(a).

Tenneco now argues that the court's rulings come within the criteria for interlocutory appeals established by Congress in 28 U.S.C. § 1292(b). That statute reads:

(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. . . .

Specifically, Tenneco argues that the validity of Reeves' '573 patent is a legal question and that the availability of an invalidity defense is a controlling question of law within the meaning of section 1292. It further argues that the discretionary nature of a Rule 15(a) ruling does not take this issue out of the scope of the statute. It asserts that there is substantial ground for difference of opinion as to whether the court's ruling was correct under the dictates of *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Finally, it asserts that the ultimate termination of this litigation will be speeded by the interlocutory appeal.

Reeves argues that the discretionary nature of a Rule 15(a) ruling takes this matter outside the scope of section 1292. It submits that this court has already denied Tenneco's requests for permission to amend on two occasions and that those denials rest on substantial legal authority. Accordingly, it believes that there is not substantial ground for disagreement on the issue. Finally, Reeves points out that an interlocutory appeal may delay the trial in this matter, pointing to the two year period required for the prior appeal. It estimates that the trial of its counterclaims will be relatively short, approximately eight to twelve days. It argues that such a short trial should not be delayed at this juncture.

The court believes that, under the specific facts of this case, the decision to disallow an amendment to the pleadings under Rule 15(a) was an exercise of its discretion and is not properly appealable under section 1292(b). *See In Re Virginia Electric & Power Co.,* 539 F.2d 357, 363 (4th Cir.1976); 9 Moore's Federal Practice, ¶ 110.22[2]. This is not a case in which "controlling legal principles effectively undermined [the court's] discretion." *Virginia Electric,* 539 F.2d at 363. The court has examined the cases cited by Tenneco in support of its assertion that certain discretionary decisions should be appealable as interlocutory orders under section 1292(b). It believes these cases are distinguishable and, as such, not binding on this court.

*Time, Inc. v. Johnston,* 448 F.2d 378 (4th Cir.1971), involved the availability of a substantive legal defense. While Tenneco's proposed amendments involve the assertion of an additional defense to Reeves' counterclaims, the issue before this court was whether, *as a procedural matter under Rule 15(a),* Tenneco would be permitted to assert that defense. The parties did not dispute that a timely assertion of the invalidity defense would have been permissible. Both *Standard Oil Co. v. Montedison S.P.A.,* 540 F.2d 611 (3d Cir.1976), and *Ortiz v. United States Government,* 595 F.2d 65 (1st Cir.1979), involved substantive legal issues and not discretionary procedural determinations. In *Standard Oil,* the trial court had determined that fraud, which had not been alleged in an underlying Patent Office interference, could not, as a legal matter, be alleged in the court proceeding to review the administrative proceeding. The court of appeals took jurisdiction under section 1292(b) and reversed. That court specifically indicated that it was taking jurisdiction over the substantive and not the procedural issue.

We are satisfied that the court denied plaintiffs' motions for two reasons, one substantive and the other procedural. The substantive reason upon which the court relied [citation omitted] was that it was not empowered to entertain an issue of fraud in the interference proceeding which had not been raised before the Board. It was the·correctness of this proposition of law which the court suggested to counsel should be certified for interlocutory appeal under 28 U.S.C. sec.

1292(b) and it was this question which was the controlling question of law to which, we believe, the court referred in the order appealed from and which we by our order determined to be the question on appeal.

540 F.2d at 618. In *Ortiz*, a trial court's decision that it did not have the power to hear a pendant state law claim in a Federal Tort Claims Act case was challenged in an interlocutory appeal. Thus, the issue before the court was the scope of Article III jurisdiction, a controlling question of law.

*Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397 (9th Cir.1984), and *Mercantile Trust Company National Association v. Inland Marine Products Corp.*, 542 F.2d 1010 (8th Cir.1976) do involve interlocutory appeals of trial court determinations under Rule 15. However, in the absence of "controlling legal principles" which circumscribe the exercise of discretion, this court believes that the Fourth Circuit Court of Appeals would not consider Rule 15 determinations such as the one made by this court to present controlling questions of law. *See Virginia Electric*, 539 F.2d at 363.

In light of the magnitude of the delays in this case and the fact that discovery has been closed since 1976, the court does not believe that its decision to prohibit Tenneco's amendments is one in which there is a "substantial ground for difference of opinion." In addition, the taking of an interlocutory appeal at this time would serve to delay further trial in a matter which has been on this court's docket for approximately ten years.

For the foregoing reasons, it is this 19th day of April 1984, by the United States District Court for the District of Maryland,

ORDERED:

(1) that plaintiff Tenneco's motion for certification of a portion of this court's February 22, 1984 order be, and the same hereby is, *Denied;* and

(2) that the Clerk of the Court mail copies of this memorandum and order to the parties.