In re George BLAKE, Debtor.

George BLAKE, Plaintiff,

v.

David M. ZIMBEROFF and Dorothea Zimberoff, Defendants.

Bankruptcy No. 83 B 10914 (EJR).
Adv. No. 83–6052A.

United States Bankruptcy Court,
S.D. New York.

May 4, 1984.

Raymond J. Aab, New York City, for plaintiff.

Morgan, Lewis & Bochius, New York City, for defendants.

Cornelius Blackshear, New York City, U.S. Trustee.

## MOTION TO CHANGE VENUE

EDWARD J. RYAN, Bankruptcy Judge.

On June 22, 1983 George Blake (Blake or debtor) filed a petition for relief under Chapter 11 of the Bankruptcy Code (the Code).

Blake commenced an adversary proceeding against David M. Zimberoff and Dorothea Zimberoff (the Zimberoffs) in this court on November 1, 1983.

During December, 1981 the debtor conveyed his right, title and interest in property located at 4527 Orrington Street, Corona del Mar, Orange County, California (subject property) to the defendants for the sum of approximately $611,000.00. Blake alleges in his complaint that he did not receive fair consideration for the property and that such transfer was a "fraudulent conveyance as to then existing and future creditors of the debtor."

Plaintiff seeks to rescind the sale and either obtain possession of the Zimberoffs' home or force the Zimberoffs to pay the present market value of the property.

By notice of motion dated January 5, 1984 defendants seek to transfer this adversary proceeding to the Central District

**62**

of California pursuant to 28 U.S.C. § 1475 and Bankruptcy Rule 7087.

A review of the facts of this case demonstrates that this matter should be litigated in California for the convenience of the parties and witnesses and in the interest of justice.

■ The criteria consistently applied in determining the forum offering the greatest convenience are: Proximity of creditors of every kind to the court; proximity to the court of the witnesses necessary to the administration of the estate; location of the assets, and the economic and efficient administration of the estate. *In re Developers of Caguas, Inc.*, 26 B.R. 977, 979, 980 (Bkrtcy.E.D.N.Y.1983), citing *In re Landmark Capital Co.*, 19 B.R. 342, 348 (Bkrtcy.S.D.N.Y.1982), *aff'd sub nom. Landmark Capital Co. v. North Central Development Co.*, 20 B.R. 220 (D.C.S.D.N.Y.1982).

■ In the case at hand, the situs of the property is, and virtually all of the witnesses and documentary proof are located in California. In addition, the testimony of expert witnesses and appraisers with respect to the value of the subject property will be critical to the outcome of this proceeding.

The only New York connection with this adversary proceeding is that plaintiff's counsel resides in New York, and Blake's Chapter 11 reorganization is in New York.

Clearly, California has the most significant, substantial and direct relationship to this litigation.

Accordingly, the motion to change venue is granted.

It is so ordered.