### In re MANVILLE FOREST PRODUCTS CORPORATION, Debtor.

### No. 82 B 11659.

United States District Court, S.D. New York.

Feb. 13, 1985.

---

## OPINION

SWEET, District Judge.

Marcus D. Swayze ("Swayze"), a potential claimant of debtor Manville Forest Products Corporation ("MFPC") moves for leave to appeal from an interlocutory order of the Bankruptcy Court denying his motion for transfer of venue. The motion is denied.

**Prior Proceedings**

On August 26, 1982 MFPC and affiliated companies of Johns-Manville Corporation filed petitions under Chapter 11 of the Bankruptcy Code (the "Code") in the United States Bankruptcy Court for the Southern District of New York. On March 26, 1984, a plan of reorganization was approved for MFPC with the Bankruptcy Court retaining jurisdiction over the liquidation of unliquidated claims. Prior to the filing of MFPC's Chapter 11 petition, Swayze filed a claim for age discrimination against MFPC in the United States District Court for the Western District of Louisiana, based on his discharge from MFPC's facility in West Monroe, Louisiana.

By notice of motion dated June 15, 1984, MFPC moved for an order disallowing and expunging various employee-related claims against MFPC. Among these was a proof of claim which had been filed by Swayze. By notice of motion dated October 6, 1984 Swayze cross-moved against MFPC for an

order changing venue or transferring the hearing with respect to MFPC's objections to his claim to the United States Bankruptcy Court for the Western District of Louisiana, Monroe Division (the "Venue Motion"). By order dated November 14, 1984 the Bankruptcy Court denied the Venue Motion in all respects and ordered that venue of any and all proceedings for the resolution and disposition of the Swayze claim remain in the Bankruptcy Court for the Southern District of New York.

By notice of appeal and motion dated November 20, 1984, Swayze seeks leave to appeal from the denial of the Venue Motion on the grounds that the denial constituted an abuse of discretion and a violation of due process of law under the Fifth and Fourteenth Amendments to the United States Constitution.

**Leave to Appeal**

The order of the Bankruptcy Court denying the Venue Motion is interlocutory and non-final. Appeals from interlocutory orders in bankruptcy cases are governed by 28 U.S.C. § 158, which provides in part:

(a) The district courts of the United States shall have jurisdiction to hear appeals ... with leave of the court, from interlocutory orders and decrees of bankruptcy judges under section 157 of this title.

.    .    .    .    .

(c) an appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts....

*See also* Bankruptcy Rule 8001(b).

Neither the Code nor the Rules establish specific criteria for determining whether leave to appeal an interlocutory order should be granted. However, courts dealing with the issue of interlocutory appeals in bankruptcy cases have consistently held that "[o]nly when 'exceptional' circumstances exist will a court entertain appeal of an interlocutory order." *In re D.H. Overmyer,* No. 83–0394, slip op. (S.D.N.Y. Jan. 20, 1983); *see also In re Geiger Ent., Inc.,* 17 B.R. 432 (W.D.N.Y.1982). As the

Court noted in *In re Casco Bay Lines, Inc.*, 8 B.R. 784, 786 (Bkrptcy 1st Cir.1981), to allow appeals of preliminary, non-final orders in bankruptcy cases "would contravene the well-established judicial policy of discouraging interlocutory appeals and avoiding the delay and disruption which results from such piecemeal litigation."

In determining whether leave to appeal should be granted from interlocutory decisions of bankruptcy courts, this court has applied the standards in 28 U.S.C. § 1292(b) governing interlocutory appeals of district court decisions to the Court of Appeals. *In re Johns-Manville Corp.*, 39 B.R. 234, 236 (S.D.N.Y.1984); *In re Codesco, Inc.*, 30 B.R. 472, 473 (S.D.N.Y.1983). *See also* 1 Collier on Bankruptcy, # 3.03[7][d][v] at 3.303—3.307 (15th ed. 1983). Under § 1292(b), the appellant has the burden of establishing that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S.Ct. 2454, 2461, 57 L.Ed.2d 351 (1978). 28 U.S.C. § 1292(b) permits interlocutory appeals where three requirements are satisfied: (i) that a controlling question of law be involved, (ii) that the question be one in which there is substantial ground for difference of opinion and (iii) that an immediate appeal would materially advance the ultimate termination of the litigation.

In the case at hand, Swayze is unable to meet the three requirements of § 1292(b). A decision to deny a transfer motion is discretionary and does not involve a controlling question of law as to which there is substantial ground for difference of opinion. Courts have consistently held that a venue decision is a non-appealable interlocutory order. *Aaacon Auto Transport, Inc. v. Ninfo*, 490 F.2d 83, 84 (2d Cir.1974); *D'Ippolito v. American Oil Co.*, 401 F.2d 764 (2d Cir.1968).

In addition, Swayze has failed to demonstrate that this case involves "exceptional circumstances" that would justify immediate review. He argues that while it is not impractical to force Manville to litigate in a district where it maintains a place of business, he would be financially unable to continue the litigation in New York, and also suggests that because his claim will be heard in New York at the same time as many other similar claims, he will be denied his right to due process and a fair trial. As to the first argument, venue decisions invariably require a weighing of conflicting interests and equities, and it is often difficult to arrive at a solution that satisfies all parties. While I sympathize with the position in which Swayze finds himself because of the Manville bankruptcy, a venue decision is necessarily discretionary, and given the Bankruptcy Code's underlying policy of orderly administration of a debtor's estate a bankruptcy judge must be free to make such decisions as he sees fit in the particular circumstances of the case before him. As to his due process argument, his claim is premature. He will be given the opportunity to raise constitutional objections to the manner in which his claim is processed during the litigation and after a final judgment is entered.

For the reasons discussed above, Swayze's motion to appeal the Venue Order is denied.

IT IS SO ORDERED.