**In re Perri KANTERMAN, Debtor.**

**Alvin GALLANT and Joan Gallant, Plaintiffs,**

**v.**

**Perri KANTERMAN, Donald Kanterman, First Inter–County Bank of New York, Arnold I. Biegen, Marchi Jaffe Steinberg Crystal Katz & Burke, and Joseph G. Blum, in his capacity as temporary receiver of Gallant Securities, Inc. and Gallant Inter-capital Corp., Defendants.**

**No. M–47(MEL).**

United States District Court, S.D. New York.

May 18, 1989.

Shaw, Licitra, Esernio & Schwartz, P.C., Garden City, N.Y., for trustee; Sarah M. Keenan, of counsel.

Gross & Novak, P.A., East Brunswick, N.J., for Federal Deposit Ins. Corp.; Timothy O'Neill, of counsel.

LASKER, District Judge.

The Federal Deposit Insurance Corporation ("FDIC") moves for leave to appeal the bankruptcy court's denial of its motion for summary judgment in the underlying adversary proceeding, which involves questions as to the FDIC's ability to enforce a

mortgage and mortgage note which it received in March, 1988 when the bank holding the mortgage and note closed. The motion is granted.

At issue in the motion for summary judgment and thus in the motion for leave to appeal are the cross-claims of the trustee for the debtor Perri Kanterman, which allege that the mortgage and mortgage note—given by the debtor as collateral to secure a loan[1] and which the FDIC holds as receiver—are voidable as fraudulent transfers. The FDIC, in its motion for summary judgment on the cross-claims, argued that the decision of *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), and its progeny precluded the trustee from "avoiding" the FDIC's interest in the mortgage and note. The bankruptcy court denied the motion largely on the ground that the *D'Oench* doctrine did not apply where, as in the transaction at issue, the FDIC was a receiver, rather than purchaser, of the obligation and where the party arguing that the conveyance was fraudulent, in this case the trustee was not a party to the wrongdoing.

■■■■ In the absence of a standard in the bankruptcy statutes and rules governing the propriety of leave to appeal, the courts have consistently applied the standards of 28 U.S.C. § 1292.[2] *See, e.g., In re Leibinger–Roberts, Inc.*, 92 B.R. 570, 573 (E.D.N.Y.1988); *In re Manville Forest Products Corp.*, 47 B.R. 955, 957 (S.D.N.Y. 1985). Accordingly, leave to appeal the decision denying the FDIC's motion for summary judgment may be granted only if the order to be appealed "involves a controlling question of law as to which there is

---

1. The loan was not made to Kanterman, but instead to his attorney and friend Arnold J. Biegen. Biegen in turn loaned the money to a company of which Kanterman and Alvin Gallant, plaintiff to the underlying proceeding, were the stockholders.

2. I find persuasive those cases holding that the language of 28 U.S.C. § 158(a), which states in relevant part that the "district courts ... shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and de-

crees, of bankruptcy judges," provides for certification for appeal by the district, rather than the bankruptcy, court. *See, e.g., In re Bertoli*, 812 F.2d 136, 139 (3d Cir.1987) (collecting cases and holding that because § 158(a) "uses the term 'court' to refer to district courts and the term 'judge' to refer to bankruptcy judges, and because the phrase 'the district courts' provides the only relevant antecedent for the words 'the court,' ... Congress meant leave of the district court").

a substantial ground for difference of opinion and ... an immediate appeal from the order may materially advance the ultimate termination of the litigation."[3]

First, the question whether *D'Oench* should preclude the trustee from voiding the FDIC's interest in the mortgage and mortgage note is one of law and one that is controlling, in that the question could terminate the action for the FDIC. *Department of Economic Dev. v. Arthur Andersen & Co.*, 683 F.Supp. 1463, 1486 (S.D.N.Y.1988). Moreover, a decision on appeal contrary to that of the bankruptcy court could contribute to an early determination of cases involving disputes over notes that the FDIC has acquired through a transaction other than one involving a purchase and assumption, as well as those in which a trustee seeks a declaration that a conveyance was fraudulent. *Von Bulow v. Von Bulow*, 634 F.Supp. 1284, 1312 (S.D.N.Y.1986) (to be controlling question of law, question must be determinative not only of the case at hand, but should contribute to early determination of wide spectrum of cases).

Second, the question of *D'Oench's* applicability to the facts at hand is one as to which there could be a substantial ground for difference of opinion. As the bankruptcy court acknowledged, the question posed by the FDIC motion is one of first impression. Although other circuits have stated that the FDIC has a complete defense to fraud claims only on a note it acquires through a purchase and assumption transaction, *Gunter v. Hutcheson*, 674 F.2d 862, 872 (11th Cir.), *cert. denied*, 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982), at least one other circuit has held that the *D'Oench* doctrine protects the FDIC when acting in its capacity as receiver. *FDIC v. McClanahan*, 795 F.2d 512, 516–17 (5th Cir.1986). Moreover, this circuit has not addressed

the question. In addition, none of the cases cited construing the scope of the *D'Oench* doctrine have explicitly addressed its applicability, as the FDIC's summary judgment motion in this case requires, where the party alleging the fraud is a trustee, rather than a party to the fraud.

Third, appeal of the order of the bankruptcy court denying summary judgment would materially advance the litigation. If the decision were to be reversed, a trial of the trustee's cross-claims against the FDIC would not be necessary.[4]

Accordingly, FDIC's motion for leave to appeal is granted.

It is so ordered.

---

**3.** The discussion of the criteria treats FDIC's motion as one seeking only to appeal that portion of the motion for summary judgment rejecting the applicability of the *D'Oench* doctrine to the facts at hand. The FDIC presents other issues in the statement of questions, but they involve questions of fact and policy inappropriate for certification; moreover, the FDIC's argument in support of its motion does not address the other two questions presented.

**4.** The court is aware that the trial is presently scheduled to go forward next week. Decision on the motion at hand was deferred at the parties' request pending settlement negotiations, which ended last week.