**In re SWANN LIMITED PARTNERSHIP, Debtor.**

**K–MART CORPORATION, Appellant,**

**v.**

**SWANN LIMITED PARTNERSHIP, Appellee.**

Bankruptcy No. 90–5–2721–JS.

Civ. A. No. HAR–90–3275.

United States District Court,
D. Maryland.

June 24, 1991.

---

Kenneth F. Davies, Wright, Constable and Skeen, Baltimore, Md., Peter E. Meltzer, Andrew C. Kassner, Drinker, Biddle & Reath, Philadelphia, Pa., for appellant.

Jay A. Shulman, Gordon, Feinblatt, Rothman, Hoffberger and Hollander, Baltimore, Md., for appellee.

## MEMORANDUM OPINION

HARGROVE, District Judge.

Presently before this Court is Debtor and Appellee Swann Limited Partnership's ("Swann") Motion to Dismiss Notice of Appeal. A response and reply have been filed. The issues have been fully briefed. No hearing is deemed necessary. Local Rule 105.6 (D.Md.).

### I.

On July 2, 1990, Swann, a Maryland limited partnership located in Baltimore, Maryland, filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code with this Court. The case is essentially a single-asset bankruptcy, such asset of the Debtor being a building located in Falls Township, Bucks County, Pennsylvania. A portion of the building is rented to American Standard, Inc., of New York at a monthly rental of $36,055.50.

Swann purchased the property from Appellant K–Mart Corporation ("K–Mart") on June 6, 1989. In return, K–Mart received a note from Swann in the principal amount of $8,000,000.00, with an interest rate of 12% per annum. The note was due to mature on March 6, 1990. K–Mart also received first mortgage on the property at the sale.

Prior to the maturity date, the note and mortgage were extended by consent of the parties. In June, 1990, K–Mart declared default and Swann subsequently filed for bankruptcy under Chapter 11.

K–Mart is owed in excess of $8.8 million, and is the only secured creditor. On August 27, 1990, K–Mart filed a Motion to Transfer Venue with the bankruptcy court. K–Mart seeks to have this case moved to the United States Bankruptcy Court for the Eastern District of Pennsylvania where the asset is located. Swann and over twenty of its creditors, who are also limited partners, filed an opposition to this motion on September 10, 1990. K–Mart replied on September 21, 1990. The motion was denied by the Honorable James F. Schneider on November 21, 1990.

K–Mart has now brought an interlocutory appeal to this Court seeking review of the denial of venue change. Swann has filed a motion to dismiss the appeal and K–Mart has responded. An order granting stay of the briefing schedule in this matter has been entered pending determination of the motion to dismiss.

### II.

This Court's jurisdiction to hear appeals from bankruptcy courts of this district is set forth in 28 U.S.C. § 158(a):

> The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders and decrees, and with leave of court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

Section 158(c) further specifies that:

> An appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules.

This statute makes the hearing of interlocutory appeals discretionary by requiring "leave of court." While K–Mart did not formally request leave to appeal in this case, its timely filed notice of appeal will be

treated as a request for leave to appeal pursuant to Bankruptcy Rule § 8003(c).[1]

■ Strict guidelines for accepting interlocutory appeals from bankruptcy courts are not established by the statute. Section 158(c) mandates that the district court shall follow the rules generally used in determining whether a civil proceeding may be appealed to the court of appeals. Courts have thus looked to and followed interlocutory appeal rulings based upon 28 U.S.C. § 1292(b), the statute concerning interlocutory civil appeals taken to the court of appeals, in determining whether to allow an immediate appeal from the bankruptcy court.[2] *See, e.g., In re Kanterman,* 99 B.R. 208, 209 (S.D.N.Y.1989); *In re American Reserve Corp.,* 71 B.R. 303 (N.D.Ill. 1987); *First American Bank v. Southwest Gloves and Safety Equipment, Inc.,* 64 B.R. 963, 966 (D.Del.1986); *In re Hebb,* 53 B.R. 1003, 1005 (D.Md.1985). Under § 1292(b), leave to file an interlocutory appeal will only be granted where the order involves a controlling question of law as to which there is substantial ground for a difference of opinion, and where an immediate appeal would materially advance the termination of the litigation.

The leading bankruptcy treatise suggests that district courts be more lenient in granting interlocutory appeals of venue decisions than the standard followed under § 1292(b):

> The discretion of the district court or appellate panel [to permit interlocutory appeals of orders changing venue] should be more readily obtained when an order regarding the venue of a title 11 case is concerned than in an appeal from a venue order in a civil proceeding. Unlike a civil proceeding in which the order regarding venue can be appealed at the conclusion of the proceeding, there is a

very small chance of success on an appeal which is taken after the title 11 case has been administered and closed, which may be the only time when an order regarding venue becomes a final order. The appellate panel or district court should recognize this, and be more inclined to grant the interlocutory appeal when a motion regarding venue of the case is involved.

1 Collier, Bankruptcy ¶ 3.02[4][f] (15th ed. 1991).

Several courts have cited Collier in allowing interlocutory appeals of a decision *granting* change of venue. *See In re Steele Cattle, Inc.,* 101 B.R. 263, 265 (D.Kan.1988); *In re Landmark Capital Co.,* 20 B.R. 220, 222–23 (S.D.N.Y.1982); *In re Hadar Leasing International Co.,* 14 B.R. 819, 820 (S.D.N.Y.1981). These courts found that following § 1292(b) standard will not successfully protect the debtor due to the special nature of a Chapter 11 proceeding. As one court explained:

> Venue in a Chapter 11 case may be more important than in a civil case because of the continuing involvement of the court in the operation of the debtor's business. Thus, the purposes served by the interlocutory appeal procedure may be furthered by the interlocutory review of a bankruptcy venue order even though such review would not be indicated for a district court order.

*In re Landmark Capital,* 20 B.R. at 222.

However, the only two courts to review the propriety of granting leave to allow an interlocutory appeal of the *denial* of a motion to change venue followed the traditional § 1292(b) line of analysis. *See In re Delaware and Hudson Railway Co.,* 96 B.R. 469, 473–74 (D.Del.), *aff'd without opinion,* 884 F.2d 1383 (3rd Cir.1989); *In*

1. Bankruptcy Rule 8003(c) provides that:

   If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court or bankruptcy appellate panel may grant leave to appeal or direct that a motion for leave to appeal be filed.

2. 28 U.S.C. § 1292(b) provides, in pertinent part, that:

   When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

*re Manville Forest Products Corp.*, 47 B.R. 955, 956–57 (S.D.N.Y.1985).

This Court agrees with the analysis employed by the district courts in *In re Delaware and Hudson Railway* and *In re Manville Forest Products*. In § 158(c), Congress very specifically directed the courts to follow the same standards as those developed in determining whether an interlocutory appeal may be heard by the court of appeals. As the *In re Steele Cattle* and *In re Landmark Capital* courts have implicitly recognized, there will be circumstances where this system will not be satisfactory given the special nature of bankruptcy proceedings. Still, courts must exercise extreme caution and tread gingerly when diverging from a statutorily mandated direction. Concern for a Chapter 11 debtor whose business interests will be subjected to scrutiny by a foreign jurisdiction after transfer may give rise to an exception to the § 1292(b) standard since the exercise of such control of the debtor's business goes to the heart of the Chapter 11 proceeding. However, this Court can find no similar overriding interest to be protected when a Chapter 11 creditor is trying to avail himself of a jurisdiction that he considers to be more friendly or convenient.

Accordingly, this Court will employ the standards developed under § 1292(b) to determine whether to grant K–Mart leave to file its interlocutory appeal. This Court will thus review the venue issue to determine if it is a controlling question of law to which there is substantial ground for a difference of opinion, and where an immediate appeal would materially advance the termination of the litigation. 28 U.S.C. § 1292(b).

### III.

■ There is little doubt that there is substantial ground for a difference of opinion on the issue of whether to change venue in a single asset Title 11 case. While the bankruptcy judge in the case at bar chose to deny the change of venue, most courts when confronted with a single asset bankruptcy have chosen to transfer venue to the location of the asset. *See In re Steele Cattle, supra.; ICMR, Inc. v. Tri–City Foods, Inc.*, 100 B.R. 51, 53 (D.Kan. 1989); *In re Pope Vineyards*, 90 B.R. 252, 258 (Bankr.S.D.Tex.1988); *In re Old Delmar Corp.*, 45 B.R. 883 (E.D.N.Y.1985); *In re Landmark Capital, supra.* Therefore, there is plainly ground for a difference of opinion on the issue. However, this alone is not ground to grant an interlocutory appeal. An interlocutory appeal is not to be used simply to determine the correctness of a judgment. *Clark–Dietz and Associates–Engineers, Inc. v. Basic Construction Co.*, 702 F.2d 67, 68 (5th Cir. 1983). The issue must still be a controlling question of law from which an immediate appeal may materially advance the litigation toward completion.

■ Venue decisions are usually fact specific to the case at hand. Thus, they are generally not "controlling questions of law" as that term is used in § 1292(b), but rather are discretionary determinations. Such discretionary orders are not of the type from which interlocutory appeals are generally taken. *Cf. Coopers & Lybrand v. Livesay*, 437 U.S. 463, 477 n. 30, 98 S.Ct. 2454, 2462 n. 30, 57 L.Ed.2d 351 (1978) (interlocutory appeals from discretionary rulings are "plainly inconsistent with the policies promoted by § 1292(b)"); *Link v. Mercedes–Benz of North America, Inc.*, 550 F.2d 860 (3rd Cir.), *cert. denied*, 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977); *Brooks v. Farm Fresh, Inc.*, 759 F.Supp. 1185, 1197 (E.D.Va.1991); *Tenneco Resins, Inc. v. Reeves Brothers, Inc.*, 583 F.Supp. 1534, 1535 (D.Md.1984) (discretionary nature of Rule 15(a) ruling takes matter outside of scope of § 1292). Thus, courts have regularly found that discretionary venue decisions are not open to interlocutory appeal.[3] *Aaacon Auto Trans-*

---

3. This differs from a non-discretionary ruling on whether venue is proper, which may be subject to interlocutory appeal. *See Johns–Man-*

*ville Sales Corp. v. United States*, 796 F.2d 372, 373 (10th Cir.1986).

There seems to be no dispute that original venue of this action was proper in this district.

*port, Inc. v. Ninfo,* 490 F.2d 83, 84 (2d Cir.1974); *In re Wyoming Tight Sands Antitrust Cases,* 715 F.Supp. 307, 308 (D.Kan.1989); *In re Manville Forest Products,* 47 B.R. at 957.

 Likewise, this Court does not find that determining this issue will promote termination of this litigation. If leave is granted to file this interlocutory appeal, the parties will have to brief the issue and await this Court's ruling on whether the Bankruptcy Court abused its discretion. Then, the case would either be sent back to the Bankruptcy Court or would be transferred to the Eastern District of Pennsylvania, where a judge unfamiliar with the litigation would have to start from scratch. Such delay is not in keeping with the requirement that an interlocutory appeal be accepted only if it will help terminate or shorten litigation and keep expenses down.[4] *See Graves v. C & S National Bank,* 491 F.Supp. 280, 282 (D.S.C.1980); *Beck v. Communications Workers of America,* 468 F.Supp. 93, 96 (D.Md.1979). This appeal would accomplish the exact opposite, delaying proceedings in this action.

Accordingly, K–Mart is denied leave to appeal the Bankruptcy Court's denial of its motion to change venue and Swann's Motion to Dismiss Interlocutory Appeal is granted.

It will be so ordered.

---

Thus, the venue determination by the Bankruptcy Judge was purely discretionary.

**4.** With the issue of judicial economy in mind, this Court has decided not to employ Local Rule 404.5 (D.Md.), which allows the district court to ask the bankruptcy court to certify whether it believes that the case involves a controlling issue of law to which there is substantial ground for difference of opinion and whether an immediate appeal may materially advance termination of the case.