**ATLANTIC TEXTILE GROUP, INC., Atlantic Shirts Co., Sun Bums Franchise, Inc., Appellants,**

v.

**George W. NEAL, Trustee, Appellee.**

**Civil A. No. 4:96cv00014.**

United States District Court, E.D. Virginia, Newport News Division.

Feb. 9, 1996.

Cecelia Ann Weschler, Weinberg & Stein, Norfolk, VA, for Appellants.

Dennis T. Lewandowski, Kaufman & Canoles, Norfolk, VA, for Appellee.

## MEMORANDUM OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter is before the court for resolution of appellants' motion for leave to appeal an interlocutory order of the bankruptcy court, pursuant to Rules 8001(b) and 8003(a) of the Federal Rules of Bankruptcy Procedure, and 28 U.S.C. § 158(a).

### I. Factual and Procedural History

Appellee, George W. Neal, as trustee in bankruptcy for the debtor, Fox Group Inc., filed a complaint in the bankruptcy court seeking the return of post-petition transfers and to determine the appellants' liability under Virginia successor liability law. Appellants, Atlantic Textiles Group, Inc., Atlantic Shirts Company, and Sun Bums Franchise, Inc. (collectively "Atlantic"), moved for summary judgment on the claims against them. In support of their motion, Atlantic referenced an affidavit filed by another defendant named in the bankruptcy proceeding which purportedly established that Atlantic did not purchase all or substantially all of the assets of the debtor. As a result, Atlantic claimed, they could not be held liable under Virginia's interpretation of corporate successor liability.

The trustee did not file opposing affidavits, and the bankruptcy court found no material issue of fact, concluding the Atlantic corporations had not purchased all, or substantially all of the assets of the debtor. Nevertheless, the bankruptcy court concluded that Atlantic was not entitled to summary judgment because Virginia law did not require such an asset purchase to sustain a theory of successor liability.

Rather than proceed to trial before the bankruptcy court, Atlantic filed this motion for leave to appeal the summary judgment denial. Atlantic argues that the resolution of this question in their favor will be dispositive of the litigation against them. It therefore urges the court to exercise its discretion to review the order. The trustee contends that review at this stage is premature, and that there are no exceptional circumstances warranting an early appeal. He argues that the legal question presented can be resolved without prejudice to Atlantic's interests at the conclusion of the bankruptcy proceeding. The court agrees with the trustee, and accordingly **DENIES** Atlantic's motion for leave to appeal.

## II. Standard of Review

■ The district court's appellate jurisdiction over proceedings in bankruptcy court is established by 28 U.S.C. § 158, which provides:

(a) The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and with leave of court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings ... under section 157 of this title.

28 U.S.C. § 158(a) (1994). In the absence of a final judgment, order or decree therefore, "leave of court" is a jurisdictional prerequisite to a proper appeal.[1] Section 158(c) also provides that bankruptcy appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." Accordingly, although section 158 provides no direct guidance concerning the grant or denial of

leave to appeal interlocutory orders, many courts apply an analysis similar to that employed by the district court in certifying interlocutory review by the circuit court of appeals under 28 U.S.C. § 1292(b). *In re Swann Ltd. Partnership*, 128 B.R. 138, 140 (D.Md.1991); *In re Energy Insulation, Inc.*, 143 B.R. 490, 493 (N.D.Ill.1992); *In re Neshaminy Office Bldg. Assoc.*, 81 B.R. 301, 303 (E.D.Pa.1987). This approach, while not required by the terms of section 158, provides a useful framework for considering the merits of a discretionary appeal.

■ Under the section 1292(b) standard, leave to file an interlocutory appeal should be granted only when 1) the order involves a controlling question of law, 2) as to which there is a substantial ground for a difference of opinion, and 3) immediate appeal would materially advance the termination of the litigation. *In re Swann*, 128 B.R. at 140 (citing cases and 28 U.S.C. § 1292(b)).

## III. Analysis

■ Although contested by the trustee, there is little doubt that the challenged order concerns a controlling question of law, as to which there is a substantial ground for a difference of opinion. The limits of Virginia's successor liability rule are at the heart of the dispute between the two parties. There is also no question that the bankruptcy court's determination that Virginia law does not require a substantial asset purchase as prerequisite to liability is subject to substantial ground for difference of opinion. *See Grand Laboratories, Inc. v. Midcon Labs*, 32 F.3d 1277, 1281 n. 5 (8th Cir.1994) (dicta noting that "[m]ost jurisdictions hold that a prerequisite to the imposition of liability ... is a transfer of all, or substantially all of the assets of the predecessor"). In the absence of a clear expression of Virginia law, the fact that the majority position is contrary to the bankruptcy judge's ruling is sufficient to constitute such a difference.

Were these two tests sufficient for an interlocutory appeal, however, virtually every summary judgment denial in which contrary

---

1. Atlantic does not contend that the bankruptcy court's denial of summary judgment constitutes a

"final order," or that it is appealable under the collateral order doctrine.

authority was present would be subject to interim review by the district court. The application of the third requirement, therefore, is critical to the decision to grant leave.

Atlantic rests its motion primarily on this third element of the 1292(b) analysis. They argue that resolution of the appeal would materially advance the termination of the litigation, because "a ruling in [Atlantic's] favor will terminate the trial litigation." Mem. Supp. Mot. for Leave at 4. This contention, undoubtedly true, is not persuasive. It is not a particular *result* which must materially advance the litigation, but the resolution of the disputed question as a whole. Again, if the court were to construe the third test in the manner proposed by Atlantic, every summary judgment denial would be subject to interlocutory appeal, because a reversal by the district court would terminate the litigation as to the appealing party.

If Atlantic conceded, for example, that the disputed issue was its sole defense to a charge of successor liability, such that resolution of the appeal would render them either liable or not liable, their appeal would be in a different posture. But this is not the case. If the court, on interlocutory appeal, were to agree with the bankruptcy court's interpretation of Virginia law, Atlantic would no doubt then return to the bankruptcy court and argue that none of Virginia's four exceptions to the rule of successor nonliability apply, thereby only extending further the litigation.[2] *See Crawford Harbor Assoc. v. Blake Construction Co.*, 661 F.Supp. 880, 883 (E.D.Va.1987) (citing the four exceptions which hold successors liable: 1) express or implied agreement; 2) de facto merger; 3) mere continuation; and 4) fraud). Simply put, to permit a party to challenge, piecemeal, every adverse determination of the bankruptcy court en route to a final disposition of the matter would unnecessarily prolong the litigation.

Finally, Atlantic is not prejudiced by the denial, because they can raise the same legal issue on appeal at the conclusion of the case before the bankruptcy court. In denying

their motion for leave to file an early appeal, the court expresses no opinion regarding the correctness of the bankruptcy court's ruling on the disputed issue of Virginia law.

*IV. Conclusion*

Because review of the bankruptcy court's denial of summary judgment would not materially advance the termination of the litigation, appellants' motion for leave to appeal is **DENIED.**

It is so **ORDERED.**

---

**2.** As the trustee correctly points out, resolution of the interlocutory appeal in favor of the trustee would extend the litigation by interposing a schedule of briefing and argument, and necessitating a stay of the proceedings in the bankruptcy court.