## In re S & M FOOD SERVICES, INC., Debtor.

**Bankruptcy No. 90–02801–BKC–JJB.**

United States Bankruptcy Court, E.D. Missouri, E.D.

Aug. 13, 1990.

Peter D. Kerth, N. Theodore Zink, Jr., Clayton, Mo., for debtor Interco Corporate Tower.

Thomas J. Noonan, St. Louis, Mo., for Ford Motor Credit Co.

Lloyd A. Palans, Carl Spector, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for the Lessor, BKLP Ltd. Partnership II.

Donald B. Kramer, St. Louis, Mo., for Dr. Sherman.

Michael Forster, Sandberg, Phoenix & Von Gontard, St. Louis, Mo., for Lessor DNI.

David A. Lander, St. Louis, Mo.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

The hearing on the motion of the Debtor–In–Possession to extend the time to assume six commercial leases pursuant to 11 U.S.C. Section 365(d)(4) was called on August 9, 1990. One written objection was filed on behalf of two of the lessors, Burger King Corporation and Burger King Limited Partnership II. In addition to Counsel for the Debtor and Counsel for the objecting Lessors, the following entities appeared by counsel at the hearing: Ford Motor Company, a lessor of certain personal property; Dr. Sherman, a lessor of another of the commercial leases; and the Official Creditors' Committee. After consideration of the testimony and other evidence presented at this hearing, including the record as a whole, the Court announced its determinations and Orders from the bench.

This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(A) and (O). The Debtor is a corporation which is the lessee under six separate real property commercial leases from which the Debtor operates Burger King Restaurants. The voluntary Petition for Reorganization was filed in this case on June 15, 1990. The Debtor has continued to operate each of the restaurants since during the pendency of this case.

The objections to the Debtor's motion challenge the existence of cause to extend the time to assume or reject the unexpired leases. The burden of establishing the

cause necessary to support an extension of time lies with the proponent of the motion, usually the Trustee or Debtor–In–Possession. *In re Wedtech Corporation,* 72 B.R. 464, 469 (Bankr.S.D.N.Y.1987).

Generally, the Trustee or Debtor-in-Possession must be given enough time to review the executory contracts or leases and determine which are to be assumed and which are to be rejected. *See, In re Steelship,* 576 F.2d 128, 132 (8th Cir.1978). With the enactment of Section 365(d)(4), Congress directed that an unexpired lease of nonresidential real property is deemed rejected if the Trustee does not assume or reject within 60 days after the date of the order for relief, or if the Court does not extend the 60 day period upon a showing of cause. There is a natural inclination to attempt to create specific conditions which must be satisfied in order that cause may be shown in these situations. However, the development of the Bankruptcy Code (and the less than static business climate) since enactment of The Bankruptcy Amendments and Federal Judgeship Act of 1984 has proven the wisdom of the drafter's recognition of the continued need for a judicial determination based on equitable considerations consistent with the rehabilitative purpose of Chapter 11.

■ Thus, a determination of cause to grant a motion to extend time to assume or reject an unexpired nonresidential lease under Section 365(d)(4) may include a consideration of all the circumstances appearing from the record.

■ Several of the factors and circumstances considered in this matter have appeared in the opinions of courts which have previously considered similar questions, including: *In re Wedtech,* supra at 471–472; *Theatre Holding Corp. v. Mauro,* 681 F.2d 102 (2nd Cir.1982); *In re Musikahn Corp.,* 57 B.R. 938, 941 (Bankr.E.D.N.Y.1986); *In re Victoria Station, Inc.,* 88 B.R. 231 (9th Cir. BAP, 1988).

1. These leases are a primary asset of the Debtor–In–Possession. If rejected the Debtor's business operations would likely terminate.

2. The decision to assume or reject is a vital consideration in the Debtor's preparation of a plan of reorganization.

3. The Order For Relief here was entered on June 15, 1990, and the Debtor has had only slightly less than 60 days to review its position with respect to six different commercial leases.

4. Under the circumstances presented here, the Debtor has not had a reasonable period of time to determine the value of the six commercial leases in the context of the various alternatives in a plan of reorganization.

5. The Debtor's evidence supports its argument that all post-petition commercial lease payments are current.

6. A dispute exists between the Debtor and certain of the lessors under the commercial leases with respect to the amount of missed pre-petition payments.

7. The commercial properties are occupied by the Debtor, and the Debtor is operating its business from each of the six locations.

8. The Debtor is otherwise in compliance with all of the other obligations under the commercial leases.

9. The Debtor is actively attempting to formulate a plan of reorganization or liquidation.

10. The record here has not suggested that the lessors will suffer any unnecessary harm or undue prejudice if the period to assume or reject is extended.

11. There being a reasonable possibility that the Debtor will submit a plan capable of being confirmed, the Court has concluded that an extension of time to assume or reject is in the best interests of all creditors, including the lessors. Therefore,

IT IS ORDERED that this hearing be concluded; and that the Debtor's motion is GRANTED; and that the time within which a Trustee or the Debtor–In–Possession is to assume or reject the six unexpired nonresidential leases described in the motion is extended to 5:00 o'clock p.m., October 15, 1990; and

That the request of certain lessors to impose specific conditions upon this grant

of additional time, in addition to the requirements of Section 365(d)(3) and (4) and other provisions of the Bankruptcy Code is DENIED without prejudice.