**ESCONDIDO MISSION VILLAGE L.P., Appellant,**

v.

**BEST PRODUCTS CO., INC., et al., Appellees.**

**No. 91 Civ. 6948 (RWS).**

United States District Court, S.D. New York.

Feb. 26, 1992.

Stephen B. Gleich & Associates, Great Neck, N.Y. (Stephen B. Gleich, of counsel), for appellant.

Weil, Gotshal & Manges, New York City (Lori R. Fife, of counsel), for appellees.

OPINION

SWEET, District Judge.

Creditor–Appellant Escondido Mission Village, L.P. ("Escondido") seeks to appeal

from an order of the Honorable Tina L. Brozman, *Bankruptcy Judge*, of the United States Bankruptcy Court for the Southern District of New York extending the time within which Debtors–Appellees Best Products, *et al.* ("Best"), may assume or reject unexpired leases of non-residential real property.

For the reasons set forth below, leave to bring an appeal is granted, and the order of the Bankruptcy Court is vacated and this appeal remanded for further proceedings consistent with this opinion.

*Parties*

Best is a Virginia corporation that has filed for protection under Chapter 11 of the United States Bankruptcy Code. Best and its consolidated affiliates operate a chain of discount retail stores throughout the United States. When the bankruptcy was filed, Best was the lessee to approximately 200 unexpired leases of non-residential real property. Most of these leases were for its retail operations.

Escondido is a California limited partnership. It leased Best roughly 67,000 square feet of retail space in the Mission Village Shopping Center in Torrance, California (the "Shopping Center"). The space represents approximately 55% of the retail space in the Shopping Center. The lease expires at most by 2004, with Best entitled to four five-year options to extend the lease. *See* Answer of Best Products 3 (July 31, 1991).[1]

Escondido has a mortgage on the Shopping Center that comes due in February 1992. It apparently has not been able to refinance the mortgage due to the uncertainty surrounding Best's lease. Moreover, Escondido is attempting to sell the Shopping Center, but has been unsuccessful in this effort so far for the same reasons.

*Prior Proceedings*

The debtors commenced their case under Chapter 11 of the Bankruptcy Code (the "Code") on January 4, 1991. By an order dated February 26, 1991, the Bankruptcy Court, pursuant to § 365(d)(4) of the Code,

extended the time within which Best could assume or reject its unexpired real property leases from March 5, 1991, to September 3, 1991.

On June 28, 1991, Escondido brought a motion to compel Best to assume or reject its lease with Escondido on or before August 10, 1991. The motion was denied on August 5, 1991.

Best moved for a further extension of the time within which it could assume or reject the leases on August 12, 1991. Escondido entered an objection on August 23, 1991. At a hearing held on September 5, 1991, the Bankruptcy Court heard testimony concerning several of the leases in question, including the lease with Escondido. The Bankruptcy Court overruled the various objections to the extension and at the hearing granted Best's motion pursuant to § 365(d)(4). A conforming order superseding the order signed on September 5 was filed on September 17, 1991. The extension expires on February 28, 1992.

Escondido filed a notice of appeal on September 11, 1991. Briefs were submitted through December 18, 1991, and oral argument heard on January 16, 1992.

*Discussion*

■ Best argues, and Escondido properly concedes, *see* Reply Memorandum 3, that the Bankruptcy Court's order is interlocutory in nature, not final. Escondido failed to file a motion for leave to appeal with its notice of appeal, as required by the Bankruptcy Rules. *See* Bankr.R. 8001(b), 8003. Nevertheless, Rule 8003(c) provides in part:

> If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court ... may grant leave to appeal or direct that a motion for leave to appeal be filed. The district court ... may also deny leave to appeal but in doing so shall consider the notice of appeal as a motion for leave to appeal.

The notice of appeal was timely filed. It therefore will be treated as a motion for leave to appeal.

---

**1.** At a hearing on the extension order at issue, Escondido's trustee and managing agent stated that the lease expired in 1995, with "four or five year options." Transcript 76 (Sept. 5, 1991).

### I. Leave to Appeal is Granted

Appeals from interlocutory orders in bankruptcy cases are governed by 28 U.S.C. § 158, which provides in part:

(a) The district courts of the United States shall have jurisdiction to hear appeals ... with leave of the court, from interlocutory orders and decrees, of bankruptcy judges under section 157 of this title.

.    .    .    .    .

(c) an appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally taken to the courts of appeals from the district courts....

28 U.S.C. § 158.

Although there are no particular statutory criteria for determining whether to grant leave to appeal an interlocutory order, courts have consistently held that such orders will not be granted absent "exceptional circumstances." *See, e.g., In re Johns–Manville Corp.,* 47 B.R. 957, 960 (S.D.N.Y.1985); *In re Manville Forest Products Corp.,* 47 B.R. 955, 956 (S.D.N.Y. 1985); *cf. Coopers & Lybrand v. Livesay,* 437 U.S. 463, 474–75, 98 S.Ct. 2454, 2461, 57 L.Ed.2d 351 (1978) (applying same rationale to 28 U.S.C. § 1292). To do otherwise "would contravene the well-established judicial policy of discouraging interlocutory appeals and avoiding the delay and disruption which results from such piecemeal litigation." *In re Casco Bay Lines, Inc.,* 8 B.R. 784, 786 (Bankr. 1st Cir.1981).

■   When determining whether to grant an interlocutory appeal from a decision of the bankruptcy court, this Court generally applies the standard governing interlocutory appeals from the district courts to the courts of appeals. *See* 28 U.S.C. § 1292(b); *In re Beker Industries Corp.,* 89 B.R. 336, 341 (S.D.N.Y.1988); *In re Johns–Manville,* 47 B.R. at 960; *In re Manville Forest Products,* 47 B.R. at 957; 1 Lawrence King, *Collier on Bankruptcy* ¶ 3.03[6][d][i], at 3–194 to –195 (15th ed. 1991). Under this standard, leave to appeal an interlocutory order will be granted only if the order (1) involves a controlling question of law (2) over which there is a substantial ground for difference of opinion and (3) if an immediate appeal would materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Escondido cannot meet these requirements.

■   Section 365(d)(4) of the Code provides:

Notwithstanding paragraphs (1) and (2), in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60–day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

11 U.S.C. § 365(d)(4).

Escondido argues that there is a controlling issue of law, namely, what factors should the Bankruptcy Court consider in determining the existence of cause for an extension. According to Escondido, these factors should be limited to (1) whether the lease is a primary asset of the debtor and the decision to assume or reject it is central to the reorganization, and (2) whether the landlord would be damaged beyond the compensation available under the Bankruptcy Code.

Escondido styles its question in a somewhat more narrow fashion than much of the case law that has developed under a statute that was clearly intended to protect the interests of shopping center owners. *See, e.g.,* 1984 U.S.Code Cong. & Admin.News 576, 598–600. Whether cause for extending the time within which the debtor must assume or reject under § 365(d)(4) exists is admittedly a mixed question of law and fact. *See Theatre Holding Corp. v. Mauro,* 681 F.2d 102, 105 (2d Cir.1982). In making such a determination, courts generally examine a number of factors, including:

(1) Whether the lease is the primary asset of the debtor;

(2) Whether the lessor has a reversionary interest in the building built by the debtor on the landlord's land;

(3) Whether the debtor has had time to intelligently appraise its financial situation and potential value of its assets in terms of the formulation of a plan;

(4) Whether the lessor continues to receive rental payments and whether the debtor fails to pay the rent reserved in the lease;

(5) Whether the lessor will be damaged beyond compensation available under the Bankruptcy Code due to the debtor's continued occupation;

(6) Whether the case is exceptionally complex and involves a large number of leases;

(7) Whether need exists for judicial determination of whether the lease is a disguised security agreement;

(8) Whether the debtor has failed or is unable to formulate a plan when it has had more than enough time to do so; and

(9) Any other factors bearing on whether the debtor has had a reasonable amount of time to decide to assume or reject the lease.

*In re Muir Training Technologies, Inc.*, 120 B.R. 154, 158–59 (Bankr.S.D.Cal.1990); *see also In re Victoria Station Inc.*, 88 B.R. 231, 236 (Bankr. 9th Cir.1988), *aff'd*, 875 F.2d 1380 (9th Cir.1989); *In re S & M Food Services, Inc.*, 117 B.R. 497, 498 (Bankr.E.D.Mo.1990); *In re Babylon Limited Partnership*, 76 B.R. 270, 274–75 (Bankr.S.D.N.Y.1987); *In re Wedtech Corp.*, 72 B.R. 464, 471–72 (Bankr.S.D.N.Y. 1987); *cf. Theatre Holding*, 681 F.2d at 105–06.

Escondido suggests that only a couple of factors, favoring the lessor, are relevant to § 365(d)(4). Those courts that have considered the question fully, however, have uniformly adopted a more balanced list of factors. The factors put forth by Escondido are generally within this list, and there seems to be little, if any, dispute concerning these factors in the case law. Escondido has therefore failed to establish that a controlling question of law is at issue over which there is a substantial ground for difference of opinion.

Escondido has, however, established that this proceeding involves an "exceptional circumstance" justifying immediate review. *See In re Johns–Manville*, 47 B.R. at 961. Escondido argues, and the Court agrees, that the Bankruptcy Court failed to weigh the above factors properly, in light of the lessors' concerns set forth at the September 5 hearing. Instead of examining the evidence presented by those who objected to the extension to determine if cause existed, the court stated that it would not "focus simply on one lease at a time." Transcript 127. The focus on Best's desire to formulate and test its business plan at the expense of the shopping center owners, and without a proper consideration of their concerns, is improper under § 365(d)(4).

Therefore, Escondido's motion for leave for appeal is granted. The appeal is remanded to the Bankruptcy Court for further factual findings and a weighing of the above factors in a manner not inconsistent with this opinion.

*Conclusion*

For the reasons set forth above, leave for Escondido to appeal from the Bankruptcy Court's extension of the time within which Best may assume or reject its lease with Escondido is granted. The appeal is remanded for proceedings consistent with this opinion.

It is so ordered.