In re **IONOSPHERE CLUBS, INC.**, Eastern Air Lines, Inc. and Bar Harbor Airways, Inc., d/b/a Eastern Express, Debtors.

**Paul Kevin ABEL and Richard
C. Bartel, Appellants,**

v.

**Martin R. SHUGRUE, Jr., Trustee for the
Estates of Eastern Air Lines, Inc. and
Ionosphere Clubs, Inc. and the Statutory
Committee of Unsecured Creditors, Appellees.**

Nos. 94 Civ. 9253 (JGK),
95 Civ. 0363 (JGK).

United States District Court,
S.D. New York.

March 13, 1995.

Paul K. Abel, pro se.

Richard C. Bartel, pro se.

Deryck A. Palmer, Weil, Gotshal & Manges, New York City, for appellee Martin R. Shugrue, Jr., Trustee.

Adam C. Harris, O'Melveny & Myers, New York City, for appellee Statutory Committee of Unsecured Creditors.

## MEMORANDUM AND ORDER

KOELTL, District Judge:

The debtors, Eastern Air Lines ("Eastern") and Ionosphere Clubs, both filed voluntary Chapter 11 petitions with the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") on March 9, 1989. A trustee was appointed on April 19, 1990 to operate the debtors' businesses and manage their properties. In January 1991, the debtors ceased all operations. Following the submission to the Bankruptcy Court of a reorganization plan ("Plan") and joint disclosure statement ("Disclosure Statement") on September 22, 1994, the appellants in both actions, Paul Abel, a creditor of Eastern, and Richard Bartel, an equity holder of Eastern, filed objections to the approval of the Disclosure Statement, arguing that the Plan was fatally flawed and unconfirmable on its face and that, therefore, the Disclosure Statement should not be approved and disseminated to creditors for voting.[1]

---

1. In a Chapter 11 case, once a plan proponent devises a Chapter 11 plan of reorganization which it believes meets the requirements of Section 1129 of the Bankruptcy Code, the plan must be filed and the proponent must solicit acceptances of the plan by creditors. Before doing so, the proponent must submit the proposed plan and a disclosure statement approved by order of the court, after notice and a hearing, as containing adequate information. *See* 11 U.S.C. § 1125(b). 11 U.S.C. § 1125(a) defines "adequate information":

A hearing was held by the Bankruptcy Court on October 25, 1994. The Bankruptcy Court overruled the appellants' objections, ruled that the Plan was not unconfirmable on its face (the "Ruling") and approved the Disclosure Statement, as amended, finding that it contained the required "adequate information" under the Bankruptcy Code ("Approval Order"). The Disclosure Statement subsequently was disseminated to the creditors for voting on the Plan.

The appellants filed a notice of appeal from the Approval Order and Ruling on November 3, 1994. (Docket # 94 Civ. 9253). They then filed an objection to confirmation of the Plan, arguing that the Plan was fatally flawed and unconfirmable on its face. On December 22, 1994, the Bankruptcy Court entered an order approving the Plan as modified ("Confirmation Order"), again overruling the appellants' objections. The appellants then filed a notice of appeal from the Confirmation Order on December 29, 1994, raising most of the issues that they had raised in the earlier appeal. (Docket # 95 Civ. 0363.) The Plan became effective on February 6, 1995.

The appellees have moved to dismiss the appeal from the Approval Order and Ruling, arguing that it is an appeal from an interlocutory order and that, while the Court has discretion to hear such an appeal, it should not do so in this case. The appellants, in turn, have argued that the appeal from the Approval Order and Ruling is a proper appeal from a final order and they have asked the Court to consolidate the two appeals.[2]

## . I.

The Court denies the appellants leave to appeal from the Approval Order and Ruling and grants the appellees' motion to dismiss the appeal. The Court finds that the appeal from the Approval Order and Ruling is interlocutory and that, under the governing standard, it would be inappropriate to grant leave to appeal in this case.

## A.

■ 28 U.S.C. § 158(a) confers jurisdiction on the district courts to hear certain bankruptcy appeals. It provides, in pertinent part:

> The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title....

28 U.S.C. § 158(a).

■ "Final orders are those that resolve discrete disputes within the larger case." *In re Pan Am Corp.*, 159 B.R. 396, 399 (S.D.N.Y.1993) (Patterson, J.) (internal citation omitted); *see also In re Towers Fin. Corp.*, 164 B.R. 719, 720 (S.D.N.Y.1994) (Cedarbaum, J.) ("Bankruptcy court orders are considered final and therefore appealable as of right only when they 'finally dispose of discrete disputes within the larger case.' A discrete dispute 'means at least an entire claim on which relief may be granted.'") (citing *In re Fugazy Exp., Inc.*, 982 F.2d 769, 775–76 (2d Cir.1992)).

## B.

Those courts that have addressed the issue of whether orders approving disclosure statements represent "final" orders within Section 158(a) have found, almost without exception, that such orders are interlocutory. *See, e.g., In re Perez*, 30 F.3d 1209, 1217 (9th Cir.1994) (holding that a bankruptcy court order ap-

'[A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan....

11 U.S.C. § 1125(a).

2. At oral argument, appellant Bartel informed the Court that he also had filed both a motion to strike counter-designations of issues on appeal and an emergency motion for a stay pending appeal. As discussed below, the motion to strike is denied as moot and the appellants have withdrawn their emergency motion because it also is moot.

proving a disclosure statement is not a final order for purposes of triggering the time for appeal); *In re Texas Extrusion Corp.*, 844 F.2d 1142, 1155–56 (5th Cir.) (same), *cert. denied*, 488 U.S. 926, 109 S.Ct. 311, 102 L.Ed.2d 330 (1988); *In re Schepps Food Stores, Inc.*, 148 B.R. 27, 29 (S.D.Tex.1992) (noting that approval of a disclosure statement is not considered final because it does not resolve any dispute between the parties); *In re Elsinore Shore Assocs.*, 82 B.R. 339, 342 (D.N.J.1988) (appellants could not appeal approval of a disclosure statement as of right because the order was not final); *In re Waterville Timeshare Group*, 67 B.R. 412, 413 (Bankr.D.N.H.1986) ("[A]pproval of a disclosure statement is an interlocutory action in the progress of a Chapter 11 reorganization effort leading to a confirmation hearing at which all parties have ample opportunity to object to confirmation of the plan."). *But see In re Snyder*, 56 B.R. 1007, 1010 (N.D.Ind. 1986) (relying on "negative implication" of the language of the legislative history and 11 U.S.C. § 1125(d) in holding that an order approving a disclosure statement is a final order).

The reasoning of the cases holding such orders to be interlocutory is persuasive. For example, in *Texas Extrusion*, the court explained:

> By no stretch of the imagination does the approval of a disclosure statement resolve any discrete dispute among the various parties involved within the larger bankruptcy proceeding or determine the rights of the parties to secure their requested relief. The types of orders that have been held to constitute final orders in the bankruptcy context for purposes of appeal are quite different from an order approving a disclosure statement.

*Texas Extrusion*, 844 F.2d at 1155 (citations omitted). And, in *Perez*, the court reasoned:

> As a general matter, the inadequacy of disclosure can only injure a creditor if the plan is eventually confirmed. But, just because the bankruptcy court has approved the disclosure statement doesn't mean the plan will be approved. The creditors still have to vote, and the bankruptcy court still must determine that the plan

complies with the Code.... Before the bankruptcy court passes on the plan, there is no way of knowing whether the allegedly inadequate disclosure prejudices anyone. At the same time, the issue of whether disclosure was adequate is in no way rendered moot by approval of the plan and is fully reviewable in an appeal from such order.
>
> Like the Fifth Circuit, therefore, 'We are not persuaded that a bankruptcy court order approving a disclosure statement is a final order for purposes of appeal.' We hold that the confirmation order—not the disclosure order—triggers the deadline for notice of appeal on 'adequate information' issues under section 1125(a).

*Perez*, 30 F.3d at 1216–17.

The cases the appellants cite in support of their argument that their appeal from the Approval Order and Ruling is an appeal from a "final" order are not on point. The appellants have relied on bankruptcy court cases that, rather than address the issue of whether such appeals are interlocutory, discuss the issue of whether a disclosure statement should be approved when a reorganization plan is unconfirmable on its face. *See, e.g., Eastern Maine Elec. Co-op., Inc.*, 125 B.R. 329, 333 (Bankr.Ct.D.Me.1991) ("If the disclosure statement describes a plan that is so 'fatally flawed' that confirmation is 'impossible,' the court should exercise its discretion to refuse to consider the adequacy of disclosures.") (citations omitted).

The appellants allege that their appeal is different because they have argued not only that there is inadequate disclosure, but also that the Plan is unconfirmable on its face. That issue in no way changes the interlocutory nature of the appeal. The approval of the Disclosure Statement and the rejection of the objections to the Plan do not constitute final orders because they do not finally dispose of entire claims. The alleged unconfirmability of the Plan can be raised, and has been raised, in the appeal from the Confirmation Order. Additionally, the appellees have conceded that all of the issues raised in the appeal from the Approval Order and Ruling can be raised in the appeal from the Confirmation Order, and, to the extent that

any amendment of the statement of issues on appeal from the Confirmation Order is necessary, the appellees have consented to such amendment.

The rationales of *Texas Extrusion* and *Perez* apply with equal force to all of the issues raised by the appellants in their appeal from the Approval Order and Ruling. The interlocutory nature of the appeal is apparent; the claims raised—including both the alleged inadequacy of the Disclosure Statement and the alleged basic unconfirmability of the Plan—would all have been rendered moot had the Plan not been approved. It is not until the appeal from the Confirmation Order that the Court is presented with an appeal from a final order.

### C.

■ As the jurisdictional statute indicates, interlocutory orders may be reviewed with leave of the district court. While the appellants have not filed a motion for leave to appeal, the Court has treated their notice of appeal as a motion for leave to appeal pursuant to Bankruptcy Rules 8001(b) and 8003(c). Rule 8001(b) provides:

An appeal from an interlocutory judgment, order or decree of a bankruptcy judge as permitted by 28 U.S.C. § 158(a) shall be taken by filing a notice of appeal, as prescribed in subdivision (a) of this rule, accompanied by a motion for leave to appeal prepared in accordance with Rule 8003 and with proof of service in accordance with Rule 8008.

Fed.R.Bankr.P. 8001(b). Rule 8003(c) provides:

If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court . . . may grant leave to appeal or direct that a motion for leave to appeal be filed. The district court . . . may also deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal.

Fed.R.Bankr.P. 8003(c).

■ In considering whether to hear an interlocutory appeal, a district court should consider the factors listed in 28 U.S.C. § 1292(b), the provision governing appeals from interlocutory district court orders to the courts of appeals. *See, e.g., Escondido Mission Village v. Best Prods. Co., Inc.,* 137 B.R. 114, 116 (S.D.N.Y.1992) (Sweet, J.) ("When determining whether to grant an interlocutory appeal from a decision of the bankruptcy court, this Court generally applies the standard governing interlocutory appeals from the district courts to the courts of appeals."). 28 U.S.C. § 1292(b) provides:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order. . . .

28 U.S.C. § 1292(b).

■ Under this standard, leave to appeal from an interlocutory order will be granted only if the order (1) involves a controlling question of law (2) over which there is a substantial ground for difference of opinion and (3) if an immediate appeal would materially advance the ultimate termination of the litigation. *Escondido,* 137 B.R. at 116; *see also Fischer v. 47th Street Photo, Inc.,* No. 92 Civ. 6529, 1993 WL 126525, *3 (S.D.N.Y. April 22, 1993) (Preska, J.) (same). Moreover, leave to appeal from interlocutory orders should be granted only in "exceptional circumstances" because to do otherwise would "contravene the well-established judicial policy of discouraging interlocutory appeals and avoiding the delay and disruption which results from such piecemeal litigation." *Escondido,* 137 B.R. at 116 (citations omitted); *see also In re Neshaminy Office Bldg. Assocs.,* 81 B.R. 301, 302 (E.D.Pa.1987) ("Only exceptional circumstances justify the hearing of an appeal before a final judgment is rendered.").

■ The present appeal does not meet this three-part test. The first two factors are not met because the approval of a disclosure statement, rather than involving a controlling question of law over which there is a substantial ground for difference of opinion, involves a fact-specific inquiry into the particular plan to determine whether it possesses "adequate information" under § 1125. In *Texas Extrusion*, the court explained: "The determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court." *Texas Extrusion*, 844 F.2d at 1157; *see also In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 979 (Bankr.N.D.N.Y.1988) ("What constitutes adequate information is to be determined on a case-specific basis under a flexible standard that can promote the policy of Chapter 11 towards fair settlement through a negotiation process between informed interested parties.").

In any event, the third factor is not satisfied because immediate appeal from the Approval Order and Ruling would not materially advance the ultimate termination of this litigation. The Disclosure Statement already has been distributed and the Plan, which was confirmed, is currently effective. Moreover, the appellants already have filed their appeal from the Confirmation Order and they are free to raise all of the issues that they have raised in connection with their appeal from the Approval Order and Ruling in their appeal from the Confirmation Order.[3] Therefore, granting the appellants leave to appeal from the Approval Order and Ruling would in no way materially advance the ultimate termination of the litigation.

For all of the foregoing reasons, the appellants' motion for leave to appeal is denied and the appellees' motion to dismiss the appeal from the Approval Order and Ruling is granted.

## II.

Because the Court denies the appellants' motion for leave to appeal from the Approval Order and Ruling and grants the appellees' motion to dismiss that appeal, it denies the appellants' motion to consolidate the two appeals as moot. It also denies as moot the appellants' motion to dismiss counterdesignations of issues on appeal, which was made in the appeal from the Approval Order and Ruling that has been dismissed. Finally, the appellants have withdrawn their motion for an emergency stay motion because it also is moot.

The parties are directed to confer with respect to the schedule for briefing on the remaining appeal and to submit a schedule to the Court by March 24, 1995.[4]

**SO ORDERED.**

---

3. At oral argument, counsel for the appellees represented that the appellants are not in any way foreclosed, and that the appellees would not raise any argument that the appellants are foreclosed, from raising any issue in the appeal from the Confirmation Order that the appellants previously raised in their appeal from the Approval Order and Ruling (unless such issues were otherwise rendered moot).

Indeed, based on this representation, appellant Bartel conceded that he was indifferent as to whether the litigation proceeded as one or two appeals.

4. All parties should ensure that all papers hereafter are filed in Case No. 95 Civ. 0363, and that courtesy copies of all briefs are provided to the Court.