**In re GATEWAY APPAREL,
INC., Debtor.**

**Bankruptcy No. 97–40296–172.**

United States Bankruptcy Court,
E.D. Missouri,

July 11, 1997.
As Modified July 31, 1997.

Gregory D. Willard, John S. Meyer, Jr., Bryan, Cave, McPheeters & McRoberts, St. Louis, MO, for Debtor.

Norah J. Ryan, Susman, Schermer, Rimmel & Shifrin, L.L.C., St. Louis, MO, for Bianco Properties.

Steven W. Edwards, Casserly Jones, P.C., St. Louis, MO, local counsel for Creditors' Committee.

Steven Goldstein, Goldstein & Vouga, P.C., St. Louis, MO.

Douglas P. Taber, Gary T. Zussman, Joel F. Brown, Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd., Chicago, IL.

Joel A. Kunin, Carr, Korein, Tillery, Kunin, Montroy & Glass, East St. Louis, IL.

Lawrence C. Gottlieb, Jay R. Indyke, Siegel, Sommers & Schwartz, L.L.P., New York City.

## *ORDER*

JAMES J. BARTA, Chief Judge.

The matters being considered here are the "First Motion to Assume Unexpired Leases" (Motion 196) filed on behalf of Gateway Apparel, Inc., the Debtor in Possession ("Debtor"); the "Objection of Creditors' Committee to Debtor's First Motion to Assume Two Unexpired Leases", and the "Cross–Motion to Extend the Debtor's Time to Assume or Reject Such Leases Until Confirmation of a Plan of Reorganization", (Motion No. 211) filed on behalf of the Official Creditors' Committee ("Committee").

By agreement of the Parties, the hearings on these matters were consolidated. The Parties presented testimony and oral argument on the record on June 24, 1997. At the conclusion of the consolidated hearing, the Court announced its determinations and orders from the bench upon a consideration of the record as a whole.

This is a core proceeding pursuant to Section 157(b)(2)(A) and (O) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. Sections 151,157 and 1334, and Rule 9.01 of the Local Rules of the United States District Court for the Eastern District of Missouri.

The Debtor filed a Petition for Relief under Chapter 11 of Title 11 of the United States Code on January 13, 1997. The Court entered several "first day" orders at an expedited hearing on January 14, 1997, in response to the Debtor's motions that had been filed with the Petition. On January 28, 1997, the United States Trustee filed a notice of the appointment of an Official Creditors' Committee. The Debtor has continued to

operate its business as a Debtor In Possession since the commencement of this case.

The Debtor is a vendor of women's ready-to-wear apparel. Its headquarters is located in St. Louis, Missouri. Prior to the commencement of this case, the Debtor operated 130 stores in 23 states throughout the United States, and employed in excess of 2,300 persons. In order to reduce expenses, the Debtor closed and vacated approximately 39 stores over a period of several months prior to filing the Chapter 11 petition. As a result, during the pendency of this case, the Debtor has continued to sell its merchandise on a wholesale basis to approximately 35 independently operated stores, and on a retail basis through its remaining 91 stores in 18 states.

By an Order entered on January 22, 1997, after notice to all necessary parties, the Court approved the Debtor's rejection of the non-residential leases of the closed and vacated stores. Substantially all of these leases were deemed to have been rejected prior to the commencement of this case.

On February 5, 1997, Bianco Properties ("Bianco") filed motions to compel the Debtor to assume or reject leases on two store properties that the Debtor continued to operate after the commencement of this case (Documents 78 and 81). Five days later, on February 10, 1997, the Debtor filed a motion for an extension of time in which to assume or reject the unexpired non-residential real property leases for all of the 91 stores which the Debtor continued to operate (Document 93). The Bianco property leases were included in this motion. Three entities filed written objections to the Debtor's motion to extend time: KCH Acquisition, Inc. (Document 119); Sterik Company (Document 126); and Bianco Properties (Documents 136 and 137 referring to two locations).

As a result of a settlement agreement among the objecting parties and the Debtor, the Court entered an Order (Document 151) on March 5, 1997 which granted the Debtor's motion and extended the time to assume or reject the 91 unexpired leases to any time prior to confirmation of the Debtor's plan of reorganization. On March 6, 1997, the Court entered two Orders (Documents 155 and 156) denying the motions of Bianco to compel

assumption or rejection of its two leases as having been withdrawn by Bianco as part of the settlement. The other objections were overruled as settled. In the settlement, the Debtor had agreed to assume the two unexpired Bianco leases, and on May 1, 1997, filed the motion being considered here, requesting authority to immediately assume the leases at Concord Plaza and Florissant Meadows Shopping Center. (Document 196). The Official Creditors' Committee filed an objection to the Debtor's motion to assume the leases, and simultaneously filed a cross-motion to extend the time to assume or reject these leases until confirmation of a plan of reorganization (Document 211). These matters were heard and determined by the Court at the hearings on June 24, 1997 as set out in this written Order.

### DEBTOR'S MOTION TO ASSUME

The Debtor's motion for authority to assume the Bianco leases resulted from the settlement discussions in response to the objections of Bianco and others to the Debtor's motion to extend the time to assume or reject all unexpired leases. A trustee or a debtor in possession may assume or reject an executory contract or unexpired lease subject to the court's approval. 11 U.S.C. § 365(a).

The Debtor's motion to assume these leases was filed before the expiration of the extended period within which such assumption or rejection was to occur. Bianco, as Lessor did not oppose this motion, and presented evidence and argument in support of the Debtor's request.

There has been no default in the unexpired leases. 11 U.S.C. § 365(b)(1). To the extent required to do so, the Debtor has timely performed all the obligations arising from and after the order for relief under these unexpired leases of nonresidential real property. 11 U.S.C. § 365(d)(3).

■ Nothing in this record has suggested that the unexpired leases terminated prior to the commencement of this case. Notwithstanding a joint request by the parties to the contract, assumption of an unexpired lease is subject to the approval of the Bankruptcy Court. 11 U.S.C. § 365(a).

The obligations under the Bianco leases are not onerous, and the time remaining is not inordinately long: Florissant Meadows Shopping Center continues through August 31, 1999; Concord Plaza will terminate on January 31, 2000.

As noted above, the only objection to the Debtor's motion to assume these leases was filed by the Official Creditors' Committee. The Committee argued that assumption of the leases represents a premature and unwise decision which could have significant adverse consequences for unsecured creditors.

The proceeding on a motion to assume an unexpired lease is summary in nature. The Court must examine the contract and the surrounding circumstances and apply the "best business judgment" test to determine if assumption would be beneficial to the estate. *In re Orion Pictures Corp.,* 4 F.3d 1095, 1099 (2nd Cir.1993). This determination must include a consideration of the effects that assumption would have on the debtor; the implications for the lessor; the benefit or detriment to unsecured creditors; and the significance of the lease to the debtor's reorganization. *See In the Matter of Optimum Merchants Services,* 163 B.R. 546, 552 (Bankr.D.Neb.1994); *Orion,* supra at 1099; *In re Washington Capital Aviation & Leasing,* 156 B.R. 167, 172 (Bankr.E.D.Va. 1993).

The Debtor here has not yet formulated a long-term business plan, or a plan of reorganization. Since the commencement of this case, the Debtor has continued to analyze and to attempt to improve its position in the wholesale and retail women's ready-to-wear markets. Prior to the formation of a long-term business plan, and in the absence of a showing of a unique benefit to the estate, the less than orderly assumption of unexpired leases is not consistent with the concept of a debtor's best business judgment.

The record here has indicated that but for a relatively small amount of Common Area Maintenance payments which inadvertently may not have been paid to Bianco, the Debt-or in Possession has performed all of its obligations arising from and after the Order for Relief under all unexpired leases of nonresidential real property in this case. The Debtor's recent business history strongly suggests that Bianco can reasonably anticipate that the Debtor will continue to perform its contractual obligations under the leases, even if assumption is not authorized at this time.

The record has not shown that Bianco will suffer any prejudice that is greater than that inflicted on other similarly situated lessors whose leases have not been immediately assumed; or that the harm generated by the uncertainty associated with not assuming the lease at this time outweighs the clear benefit to the estate that is offered by an orderly examination of the Debtor's obligations.

Assumption of the Bianco leases at this time may ultimately result in a detriment to the holders of unsecured claims. Should the leases by assumed and later rejected, Bianco's unsecured administrative expense claims would not be subject to the cap of Section 502(b)(6). *See In re Klein Sleep Products, Inc.,* 78 F.3d 18, 28–29 (2nd Cir.1996). The result would be a potentially large reduction in the assets that might otherwise be available for distribution to other unsecured creditors.

At this relatively early stage in a Chapter 11 case involving several retail locations, it is difficult to access the significance of individual leases in the Debtor's operations. For purposes of this consideration, the Court has determined that all of the unexpired nonresidential real property leases that have not been rejected are significant to the Debtor's reorganization at this time.[1]

Therefore, the Court finds and concludes that assumption of the Bianco leases at this time would not be a good business judgment. *Orion* at 1099. The Debtor's motion for authority to assume these leases will be denied. In view of the denial of immediate assumption, the Court must next consider the Cross–Motion of the Creditors' Commit-

---

1. On March 25, 1997, the Debtor's motion to assume its Headquarters Leases was approved by the Court. No other unexpired leases have been assumed.

tee to extend the time to assume or reject the Bianco leases.

### COMMITTEE CROSS–MOTION TO EXTEND TIME

■ Section 365(d)(4) recognizes the Court's authority to fix an additional time beyond the initial 60 day period during which a debtor in possession may assume or reject an unexpired lease of nonresidential real property. Although it would seem appropriate in most situations to require that notice of a request for such an extension be given to the parties to the unexpired lease, at least one Circuit has held that "neither section 365(d)(4) nor rules 6006(a) and 9014 require notice and a hearing before a bankruptcy court may grant an extension of time in which a lessee may assume or reject its leases." *Matter of American Healthcare Management, Inc.*, 900 F.2d 827, 833 (5th Cir.1990). Nonetheless, in the absence of a showing of unusual circumstances, the requirement that notice and an opportunity to respond be given to the parties to an unexpired lease of nonresidential real property before a request for an extension of the 60 day period is granted will continue in this Court.

■ The primary purpose of Section 365(d)(4) is to protect lessors from delay and uncertainty by forcing a trustee or debtor in possession to decide quickly whether to assume unexpired leases. *American Healthcare* at 830. Although the Bankruptcy Court need not conduct an extensive trial on disputed issues related to the leases, it is likely that most courts would be more willing to find cause to grant an extension in the proper circumstances, if, after notice, the lessor did not allege that the lease had terminated prepetition.

■ The circumstances here have presented an additional question with respect to standing. In most instances, a request to extend the time to assume or reject will be prosecuted by the debtor, a party to the unexpired lease. In the matter being considered here, the moving party is not one of the parties to the lease, and in fact did not enjoy the support of either the lessor or the lessee in this matter. As a representative of the unsecured creditors, the interests of the Creditors' Committee are aligned with the best interests of the estate. As such, the Committee enjoys standing to bring an action to extend time under Section 365(d)(4), even if both parties to the lease were to either refuse to join in the request, or were to actively oppose any extension of time. The ultimate determination of cause remains with the Court.

■ The determination of the existence of cause may require consideration of several factors, some of which are similar to the factors in the assumption/rejection consideration:

1. The significance of the lease to the debtor's reorganization;
2. The implications for the lessor;
3. The effects that an extension will have on the debtor's operations;
4. Whether the debtor has had sufficient time to assess the value of the lease;
5. The need for a judicial determination as to whether an unexpired lease exists;
6. The debtor's postpetition performance of its obligations under the lease;
7. Whether the lessor has or will suffer damage that may not be compensable under the Code;
8. The complexity of the case and the number of leases involved;
9. The debtor's progress in formulating a plan of reorganization;
10. The circumstances in which the request for an extension has been presented.

*In re 611 Sixth Avenue Corporation*, 191 B.R. 295, 298 (Bankr.S.D.N.Y.1996); *Escondido Mission Village, L.P. v. Best Products*, 137 B.R. 114, 116 (S.D.N.Y.1992).

■ The power of the Debtor to elect to assume or reject all of its unexpired store leases in a global context within the same extended period of time is extremely beneficial to the Debtor's ability to successfully reorganize in this case.

On consideration of the record presented in this matter, the Court finds and concludes

that in the volatile, unpredictable women's ready-to-wear business, an extension of the period during which the Debtor in Possession may assume or reject all of its unexpired non-residential leases would not unduly prejudice Bianco Properties. Furthermore, subject to a showing of unusual circumstances in particular situations, the grant of an extension of time to assume or reject as to all unexpired nonresidential leases would be beneficial to all landlords, including Bianco, to the extent that the Debtor possesses a strong possibility of successfully reorganizing under Chapter 11. This strong possibility of a successful reorganization, supported by the Debtor's post-petition business operations provides a reasonable assurance of continued payments under the existing unexpired non-residential leases, pending the Debtor's decision.

Considering these factors, the Court has determined that granting the motion to extend the time to assume or reject these leases is not unduly prejudicial to Bianco, and is in the best interests of the estate.

**IT IS ORDERED** that these matters are concluded; and that the Debtor's motion to approve the immediate assumption of two unexpired non-residential leases with Bianco Properties is **DENIED;** and that the Creditors' Committee's objection to the Debtor's request to approve the immediate assumption of the unexpired leases with Bianco Properties is **SUSTAINED;** and

That the Creditors' Committee's cross-motion to extend the time within which the Debtor in Possession must assume or reject the Bianco Properties' leases is **GRANTED** in part, in that the period of time within which the Debtor must assume or reject unexpired non-residential real property leases with Bianco Properties is extended to the confirmation of Debtor's Plan of Reorganization; [2] and

That the other terms and conditions as set out in this Court's Order entered on March 5, 1997 which granted a similar extension of time with respect to other non-residential

real property leases are incorporated herein as though fully set out.

---

2. This language is consistent with the language in the previous Order that granted an extension   as to other leases.