**Ralph URBAN, Plaintiff–Appellant,**

v.

**William C. HURLEY, County of Yates, et al., Defendant–Appellees.**

**No. 00 CIV. 7893(RWS).**

United States District Court, S.D. New York.

May 10, 2001.

Ralph Urban, New York City, pro se.

Shapiro, Rosenbaum, Liebschutz & Nelson (By David H. Ealy, of Counsel), Rochester, NY, for William C. Hurley.

Gibney, Anthony & Flaherty (By William Lee Kinnelly, of Counsel), New York City, for County of Yates.

## OPINION

SWEET, Senior District Judge.

Appellant/Debtor Ralph Urban, *pro se* ("Urban"), appealed from two orders of the Bankruptcy Court entered August 24, 2000, the first transferring an Adversary Proceeding, AP No. 91–6570A (the "Adversary Proceeding") to the Western District of New York (the "Venue Order") and the second denying the motion to amend the complaint in the Adversary Proceeding removing the County of Yates as a party to the Adversary Proceeding (the "Amendment Order"). For the reasons which follow, the appeal is dismissed, the Venue Order and the Amendment Order are affirmed.

As will become apparent, the administration of this appeal has been complicated by Urban's *pro se* status and his submissions which fail to focus on the role of this Court and instead return to his underlying grievance relating to certain property transactions in 1988 and thereafter relating to real estate in Yates County at one time owned by Urban, including a number of related state court proceedings turning on the effect and timing of transfers of the property. The concern of this Court will

be limited to the order appealed from and certain other proceedings initiated by Urban.

### The Proceedings Before This Court

On October 17, 2000, Urban filed a notice of appeal from the Venue Order and the Amendment Order entered by the Honorable Prudence Carter Beatty, Bankruptcy Judge in the Chapter 11 proceeding, 91 B. 15142(PCB) initiated by Urban. On October 24, 2000, a scheduling order was entered granting Urban thirty days to serve his brief.

Urban's brief was docketed on November 27 and received in chambers on December 12, 2000. On December 15, Urban filed a brief designated "Reply Brief." On December 29, 2000, Urban filed a motion to recall the file in the Adversary Proceeding.

On January 9, 2001, the Appellee, William C. Hurley ("Hurley") filed his brief with the Court. On February 2, 2001, Urban sought a thirty-day extension to reply to Hurley's "Second Brief." On February 21, Urban sought a sixty-day delay for the same purpose.

By order of March 8, 2001, this Court directed Urban to file his reply brief by March 30, 2001. On April 2, Urban filed "Appellant's Interim Reply Brief to Hurley's Illeagal [sic] 2nd Opposition Brief." The appeal was considered fully submitted at that time.

During this period, on January 9, 2001, Urban moved for an injunction to stay the Bankruptcy Court in the Western District and for sanctions. On January 22, Urban filed a motion for contempt against Hurley and another motion for a stay and injunction on January 16, followed by a similar motion on February 2, 2001 seeking contempt and a preliminary injunction. On February 15, 2001, Urban filed a notice of appeal to the Court of Appeals "from the *inaction, failure,* or *refusal* of the lower court (U.S. District Court/SDNY) to Stay or Enjoin the lower/lower court (U.S. Bankruptcy Court/SDNY) ..." (underlining in original). On March 14, another notice of appeal to the Court of Appeals was filed, and the record was forwarded to the Court of Appeals.

On April 12, this Court directed Hurley to reply to the Urban motions by April 18, 2001. On April 23, Urban applied to extend the time to reply to April 30, at which time all matters were considered submitted including a cross-motion by Hurley to strike personal epithets against him and to enjoin personal attacks in the future.

### The Jurisdiction Of This Court

Although Urban has filed two notices of appeal to the Court of Appeals, jurisdiction has remained in this Court, no final decision having been rendered by the district court, 28 U.S.C. § 1291, and no appealable interlocutory order having been entered, 28 U.S.C. § 1292. Consequently, the issues before this Court will be resolved.

### The Venue Order Is Affirmed

A district court's jurisdiction to review orders of the Bankruptcy Court is governed by 28 U.S.C. § 158(a), which states:

The district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders and decrees; (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and (3) with leave of the court from other interlocutory orders and decrees.

A final order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945). The concept of finality is more

liberally construed in the bankruptcy context than in ordinary civil litigation. *In re Prudential Lines, Inc.*, 59 F.3d 327, 331 (2d Cir.1995). A Bankruptcy Court order is not considered final however unless it necessarily resolves all of the issues pertaining to a discrete claim. *In re Fugazy*, 982 F.2d 769, 775 (2d Cir.1992); *In re Flor*, 79 F.3d 281, 283 (2d Cir.1996).

■ An order transferring venue of an adversary proceeding relating to a case under Chapter 11 is not a final order, and therefore leave to appeal is necessary. *See, In re Dalton*, 733 F.2d 710, 714 (10th Cir.1984), *cert. denied*, 469 U.S. 1185, 105 S.Ct. 947, 83 L.Ed.2d 959 (1985); *In re Butcher*, 1998 U.S. Dist. LEXIS 15293 (E.D.Mi.1998); *In re Landmark Capital Company*, 20 B.R. 220 (S.D.N.Y.1982). A number of courts have held that leave should not be granted to permit the appeal of an order transferring venue of an adversary proceeding. *See, Americare Health Group, Inc. v. Melillo*, 223 B.R. 70 (E.D.N.Y.1998); *In re Butcher, supra.*

■ This Court generally applies the standard governing interlocutory appeals from the district courts when determining whether to grant an interlocutory appeal from a decision of the bankruptcy court. *Escondido Mission Village v. Best Prods. Co., Inc.*, 137 B.R. 114, 116 (S.D.N.Y.1992). Under that standard, leave to appeal from an interlocutory order will be granted only if the order involves a "controlling question of law." *Escondido, supra*, 137 B.R. at 116; *see also Fischer v. 47th Street Photo, Inc.*, No. 92 Civ. 6529, 1993 WL 126525 (S.D.N.Y. April 22, 1993). Leave to appeal from interlocutory orders should be granted only in "exceptional circumstances." *In re Ionosphere Clubs, Inc.*, 179 B.R. 24, 28 (S.D.N.Y.1995).

Although leave to appeal has been granted in respect to an order transferring venue of a Chapter 11 case, *In re Landmark Capital Company, supra*, the transfer of venue of a related adversary proceeding is distinguishable. This appeal does not involve a controlling question of law or exceptional circumstances that would warrant the court granting leave to appeal. The order transferring venue can be and should properly be reviewed at the conclusion of the adversary proceeding. No grounds upon which a conclusion that the venue was improper have been set forth, leave to appeal the Venue Order has not been granted, and the order can be affirmed on that ground.

■ In any case, the Venue Order was appropriate under 28 U.S.C. § 1412. Transfer of venue pursuant to 28 U.S.C. § 1412 is discretionary, and the party moving to attack venue must establish its burden by a preponderance of evidence. *In re Vienna Park Properties*, 125 B.R. 84, 87 (S.D.N.Y.1991) (citations omitted). Whether the interests of justice and the convenience of parties would be served requires "a consideration of whether transferring venue would promote the efficient administration of the bankruptcy estate, judicial economy, timeliness, and fairness—factors." *In re Manville Forest Products Corp.*, 896 F.2d 1384, 1391 (2d Cir.1990). The decision of whether or not to transfer a case under 28 U.S.C. § 1412 is within the sound discretion of the court. *Id.* at 1390–91; *In re Finley, et al.*, 149 B.R. 365, 368 (Bankr.S.D.N.Y.1993).

The Adversary Proceeding at issue involves a dispute as to the title of property located in Yates County, New York, and the validity and effect of two deeds from Urban to certain individuals, Haag and Tuttle, as well as the propriety of a tax foreclosure sale on the subject property. The Bankruptcy Court was faced with the fact that the property is situated in the Western District of New York, and all the

defendants reside in the Western District of New York, and found that:

> [I]t [was] simply too far removed from the locus of the property to quell the disturbance caused by the tax sale and the court remains convinced that any resolution of the dispute must occur in a court with subpoena power over the necessary parties to the litigation.

*Memorandum Statement of Status, supra,* at page 6.

In this case all of the *Manville Forest* considerations, except the proximity of Urban to the Court, favor a transfer of venue to the Western District of New York. The numerous creditors who are parties to the Adversary Proceeding are all located in the Western District of New York [1]; all the party and non-party witnesses are located in the Western District of New York; and the property that is the subject matter of this litigation is located in the Western District of New York.

The Bankruptcy Court determined that the litigation can be most economically and efficiently concluded in the Western District of New York and that finding is amply supported by the record. The Venue Order is affirmed.

### The Amendment Order Is Affirmed

The Bankruptcy Court's August 24, 2000 Amendment Order (the "Amendment Order") did two things: first, it denied Urban leave to amend his complaint because his modification asserted a fact, the opposite of which the Court relied on in a previous ruling; second, it maintained Yates County as an appropriate party. For the reasons described below, the Amendment Order is affirmed.

■■■ The refusal of the Bankruptcy Court to grant leave to amend is reviewa-

ble under an abuse of discretion standard. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 331–32, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971); *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993). There is support for the proposition that when a court bases its denial on a legal conclusion that the amended pleading would not withstand a motion to dismiss, its ruling may be reviewed *de novo* (*Fisher v. Roberts,* 125 F.3d 974, 977 (6th Cir. 1997)). However, here the Bankruptcy Court denied the motion to amend based upon its own previous ruling and a determination that Yates County was a necessary party. Since neither of those determinations is a legal conclusion that the amended pleading would not withstand a motion to dismiss, it follows that the denial of leave to amend is subject to review under the less rigorous abuse of discretion standard.

### The Amendment Order Properly Denied Amendment Of A Fact Previously Relied Upon By The Court

■■■ Urban sought to amend his complaint to add an additional cause of action to recover the entire parcel of his disputed property which the initial complaint sought only to recover a portion. The Bankruptcy Court previously granted Urban's motion to reject a contract for sale of the same property to Hurley upon which Hurley had obtained a judgment of specific performance, predicated upon a finding by the Bankruptcy Court that the property had been conveyed by Urban to Haag and Tuttle. The amendment would seek to negate the deed to Haag and Tuttle upon which the earlier ruling was predicated. The Bankruptcy Court denied leave to amend the complaint on the basis that its

---

**1.** Of critical importance apparently will be the testimony of Haag regarding the intent of the parties with respect to the original deed and the so-called "correction deed."

earlier ruling rendered the additional claim futile, explaining as follows:

> In the amended complaint the Debtor sought to set forth a theory under which he was the owner of the entire parcel. If the Debtor had asserted that position at the time early in this case when this court was requested to permit the rejection of the contract of sale to Hurley, this court would not have granted the requested rejection. The Debtor's rejection motion was predicated on several grounds including that he did not in fact have title to convey and this court relied heavily on that fact in granting the motion.

*Memorandum Statement of Status*, dated August 24, 2000, at page 4.

As a matter of judicial estoppel, the Bankruptcy Court properly denied Urban's motion for leave to amend. *See, Mitchell v. Washingtonville Central School Dist.*, 190 F.3d 1, 6 (2d Cir.1999) (stating that "[j]udicial estoppel 'prevents a party from asserting a factual position in a legal proceeding that is contrary to a position previously taken by that party in a prior legal proceeding.' ") (*quoting Bates v. Long Island R.R. Co.*, 997 F.2d 1028, 1037 (2d Cir.)).

**The Amendment Order Properly Maintained Yates County As An Appropriate Party**

Rule 21 of the Federal Rules of Civil Procedure applies in a bankruptcy case pursuant to Bankruptcy Rule 7021. Rule 21, Fed.R.Civ.P. provides that "parties may be dropped or added by order of the court on motion of any party *or of its own initiative* at any stage of the action and on such terms as are just." (emphasis added). The court may add parties, drop parties and sever any claim against a party. The court has broad discretion in determining whether to add or drop parties. *See, New York v. Hendrickson Bros., Inc.,* 840 F.2d 1065, 1082 (2d Cir.) *cert. denied,* 488 U.S. 848, 109 S.Ct. 128, 102 L.Ed.2d 101 (1988); *Glendora v. Malone,* 917 F.Supp. 224, 227 (S.D.N.Y.1996). The court may add or drop a party because of misjoinder of the party or failure to join a necessary party (non-joinder), or to promote the efficient administration of justice. *See, Applewhite v. Reichhold Chems., Inc.,* 67 F.3d 571, 574 (5th Cir.1995).

Yates County was originally named as a party to this action, but was dropped as a party by Urban's amendment of the complaint without leave. Urban subsequently moved to amend the complaint to assert an additional claim against Hurley and to include a claim against the County arising from the post-petition tax foreclosure sale. The Bankruptcy Court never ruled on the motion to amend the complaint, because it dismissed the Adversary Proceeding on other grounds, and the issue was not addressed upon remand. Urban brought a subsequent motion to amend the complaint that did not include the County as a defendant, but the debtor continued to serve the County with all papers and pleadings.

The Court, in its Order Denying Debtor's Motion To Further Amend Complaint, held:

> WHEREAS, by virtue of Yates County having been treated as a party to this adversary proceeding in the Debtor's Notice of Motion, this Court's August 1996 ruling, the Debtor's appeal of that ruling, and the District Court's decision thereon, Yates County is deemed to be a party to this adversary proceeding and the complaint will be treated as if it were so amended.

Urban seeks to obtain a determination that he holds legal title to the 75 acres. However, Haag's interest in the property was foreclosed by the County. If the outcome of the Adversary Proceeding is not

binding on the County because the County has been denied a full and fair opportunity to litigate the matter, it will not be binding on Hurley because the County precedes him in the chain of title, and the debtor will not be able to obtain title to the property. The County of Yates is therefore a necessary party to the final resolution of the title controversy. The Bankruptcy Court properly exercised its discretion in adding Yates County as a party.

### The Additional Relief Sought By Urban Is Denied

Perhaps because Urban is *pro se,* there appear to be pending requests for relief in this Court, some of which do not appear on the docket. They include a motion for recall of the file of the Adversary Proceeding dated December 29, 2000, a motion for stay or injunction and sanctions against the County dated January 5, 2001, a motion to reject and return a certain opposition by Hurley dated January 11, 2001, a motion for contempt against Hurley based upon "Hurley's ongoing rape of that land," dated January 11, 2001, a motion for a stay, an injunction and criminal complaint against Hurley for theft of trees, dated January 14, 2001, a motion for contempt against Hurley, stay or injunction dated February 2, 2001, and a motion for disciplinary action, designated "as a Follow Up Motion," dated March 14, 2001. Certain other relief is sought in the Court of Appeals.

No cognizable claim for relief in this Court is set forth in these motions which principally recite certain allegations relating to what appears to be a 13-year old dispute between Urban and Hurley, ranging across a number of courts. The motions are therefore dismissed and the stays are denied, including any effort to stay any pending depositions in the Adversary Proceeding.

### The Cross–Motion Is Granted

 Urban has filed pleadings and memoranda characterizing Hurley as "sick," "criminally inclined," "cruel," "vicious," a "compulsive liar," a "heathen" and a "nazi." (Objection to Hurley's Request to File a 3rd Reply Brief, Pars. 5, 6, 7). These epithets are stricken, and Urban is directed to desist the use of these and similar terms and warned that such conduct may be sanctioned under Rule 11, Fed.R.Civ.P.

### Conclusion

The Venue Order and Amendment Order entered in the Bankruptcy Court August 24, 2000 are affirmed. All other motions by Urban are denied.

It is so ordered.